In the INTEREST OF CURTIS W., a person under the age of 18:

CURTIS W., Respondent-Appellant,†

v.

STATE of Wisconsin, Petitioner-Respondent.

Court of Appeals

*No. 94–2759. Submitted on briefs March 1, 1995.—Decided March 28, 1995.*

(Also reported in 531 N.W.2d 633.)

†Petition to review denied.

719

For the respondent-appellant the cause was submitted on the briefs of *Ann T. Bowe* of Milwaukee.

For the petitioner-respondent the cause was submitted on the briefs of *E. Michael McCann*, district attorney by *Steven V. Licata*, assistant district attorney of Milwaukee.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

WEDEMEYER, P.J. Curtis W., a juvenile, appeals from a non-final order[1] waiving juvenile jurisdiction over him. Curtis claims that: (1) the juvenile

---

[1] This court granted leave to appeal the non-final order.

court lost competency to proceed because of a violation of the time requirement contained in § 48.21(1)(a), STATS.; (2) the juvenile court erred in denying Curtis's motion for a hearing on the issue of prosecutive merit; and (3) the juvenile court erred in finding that it would be in the best interest of the public and Curtis to waive juvenile court jurisdiction. Because: (1) the time requirement of § 48.21(1)(a) was not violated; (2) the juvenile court did not erroneously exercise its discretion in refusing to hear evidence on the issue of prosecutive merit; and (3) the juvenile court did not erroneously exercise its discretion by finding that a waiver to adult court was in the best interest of the public and Curtis, we affirm.

## I.  BACKGROUND

Curtis, then seventeen-years-old, was taken into custody by the City of Milwaukee Police Department on September 8, 1994, at 4:30 a.m. He was taken to the Children's Court Center detention facility where the juvenile court intake worker's decision to hold him in custody was made at approximately 1:30 a.m. on September 9, 1994. A detention hearing was held by the juvenile court on September 9, 1994, starting at 3:30 p.m..

The juvenile court found probable cause existed for the crime of first-degree intentional homicide while armed as party to a crime. A delinquency petition charging this crime was filed. The State also filed a petition requesting waiver to adult court. The petition presented the confessions of both Curtis and his alleged co-actor, Denziss J. Both confessions implicated Curtis as the shooter in the homicide and Denziss as the lookout. Both confessions indicated that there was an agreement to shoot another human being.

Curtis challenged the juvenile court's competency to proceed by arguing that § 48.21(1)(a), STATS., was violated because his detention hearing was not held within twenty-four hours from the time the police took him into custody. The juvenile court concluded it had not lost competency to proceed because even if such a violation occurred, the remedy for violating the time requirement is release from physical custody, not dismissal of the case.

Curtis also requested that an evidentiary hearing be held during which he could challenge the voluntariness of his confession, arguing that it was unreliable and, as a result, the petition lacked prosecutive merit. The juvenile court found Curtis's challenge to his confession was moot because even if it excluded or ignored Curtis's confession, there was still sufficient evidence in the petition, which provided the court with a basis to find prosecutive merit. This other evidence was the confession and statements against interest made by Curtis's co-actor, Denziss. The juvenile court further found that Denziss's statements were reliable as statements made against penal interest. As a result, the juvenile court denied Curtis's motion requesting an evidentiary hearing.

The juvenile court also heard testimony regarding waiver criteria under § 48.18(5), STATS., from a probation officer who recited Curtis's prior record and treatment history. After hearing the testimony, the juvenile court found that the State proved by clear and convincing evidence that it would be contrary to the best interest of both Curtis and the public to retain juvenile court jurisdiction. As a result, the juvenile court ordered that Curtis's case be waived to adult court. Curtis now appeals.

## II. DISCUSSION

*A.   Competency to proceed.*

The application of a statute to undisputed facts presents a question of law that this court reviews *de novo. State v. Skamfer*, 176 Wis. 2d 304, 307, 500 N.W.2d 369, 370 (Ct. App. 1993). It is undisputed that: (1) Curtis was taken into custody on September 8 at 4:30 a.m.; (2) the decision to hold Curtis was made on September 9 at 1:30 a.m.; (3) his detention hearing commenced on September 9 at 3:30 p.m. The only disputed issue is at what point in time the twenty-four-hour time limit described in § 48.21(1)(a), STATS., begins to run.

Section 48.21(1)(a), STATS., provides in pertinent part:

> If a child who has been taken into custody is not released under s. 48.20, a hearing to determine whether the child shall continue to be held in custody under the criteria of ss. 48.205 to 48.209 shall be conducted by the judge or juvenile court commissioner within 24 hours *of the time the decision to hold the child* was made, excluding Saturdays, Sundays and legal holidays.

(Emphasis added.) The primary source of statutory construction is the language of the statute itself. *State v. Derenne*, 102 Wis. 2d 38, 45, 306 N.W.2d 12, 15 (1981). The language of this statute is clear. The twenty-four-hour time limit begins to run from the time the decision to hold the child is made by the intake worker. In the instant case, the intake worker decided to hold Curtis on September 9 at 1:30 a.m. The detention hearing commenced within twenty-four hours of

that time. Accordingly, no violation of § 48.21(1)(a), STATS., occurred. Therefore, this court rejects Curtis's argument that the juvenile court lost its competency to proceed.[2]

## B. *Evidentiary Hearing on Prosecutive Merit.*

Although the juvenile court has the discretion to hold a full evidentiary hearing on the issue of prosecutive merit, a hearing is not required. *See J.G. v. State,* 119 Wis. 2d 748, 763, 350 N.W.2d 668, 676 (1984). The juvenile court is required to hold an evidentiary hearing as to the reliability of Curtis's confession only if the setting aside of Curtis's confession would render the remaining contents of the petition insufficient to establish prosecutive merit. *See id.* at 763-64, 350 N.W.2d at 676. The juvenile court in the instant case followed this procedure. It evaluated the petition to see if prosecutive merit could be found without relying on the confession of Curtis. In reviewing the remainder of the petition, the trial court found that the statements of co-actor, Denziss, provided a clear basis upon which a finding of prosecutive merit could be made. This court concludes that the juvenile court did not erroneously exercise its discretion in refusing to hear evidence on the prosecutive merit issue.

## C. *Waiver to Adult Court.*

[2] Because this court has determined that no statutory violation occurred, this court need not address whether a statutory violation of § 48.21(1)(a), STATS., results in loss of competency. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (if decision on one point disposes of appeal, appellate court will not decide other issues raised).

Lastly, Curtis claims the juvenile court erroneously exercised its discretion by waiving Curtis to adult court because it failed to give a reasoned explanation as to why the juvenile system would not provide an appropriate forum for adjudication. This court rejects Curtis's argument. This court will not reverse an order waiving jurisdiction unless there is an erroneous exercise of discretion. *Id.* at 754, 350 N.W.2d at 672. Based on a review of the record, this court cannot find an erroneous exercise of discretion.

In rendering its decision, the juvenile court reasoned that waiving juvenile court jurisdiction was in the best interest of both Curtis and the public because: (1) the crime involved first-degree intentional homicide; (2) the crime alleged premeditation; and (3) Curtis had both an extensive prior delinquency record and a prior criminal record from previous waivers to adult court. The court also noted that Curtis's personality showed a general disregard for the law and lack of commitment to rehabilitation, evidenced by Curtis running away from facilities and failing to make himself available for treatment. The court also noted the unsuccessful treatment record in the juvenile system and the likelihood that future treatment in the juvenile system would not be successful because of Curtis's conduct in the past. Finally, the court reasoned that the juvenile facilities were not suitable for Curtis's case because the maximum seven-year time period available for treatment through the juvenile system "is not long enough."

The trial court clearly offered a reasoned explanation for waiver and addressed with sufficient specificity

the criteria set forth in § 48.18(5), STATS.[3] Accordingly, this court concludes that the trial court did not erroneously exercise its discretion in waiving jurisdiction.

*By the Court.*—Order affirmed.

---

[3] Section 48.18(5), STATS., states that the juvenile court:

[S]hall base its decision whether to waive jurisdiction on the following criteria:

(a) The personality and prior record of the child, including whether the child is mentally ill or developmentally disabled, whether the court has previously waived its jurisdiction over the child, whether the child has been previously convicted following a waiver of the court's jurisdiction or has been previously found delinquent, whether such conviction or delinquency involved the infliction of serious bodily injury, the child's motives and attitudes, the child's physical and mental maturity, the child's pattern of living, prior offenses, prior treatment history and apparent potential for responding to future treatment.

(b) The type and seriousness of the offense, including whether it was against persons or property, the extent to which it was committed in a violent, aggressive, premeditated or wilful manner, and its prosecutive merit.

(c) The adequacy and suitability of facilities, services and procedures available for treatment of the child and protection of the public within the juvenile justice system, and, where applicable, the mental health system.