CITY OF OMRO, a municipal corporation,
Plaintiff-Appellant,

v.

Robert L. BROOKS, Defendant-Respondent-Petitioner.

Supreme Court

*No. 79–1578. Argued October 5, 1981.—Decided November 3, 1981.*

(Also reported in 311 N.W.2d 620.)

For the petitioner there was a brief by *David K. Sparr, Robert J. Vander Loop* and *Curtis, MacKenzie & Haase, S.C.*, of Oshkosh, and oral argument by *Mr. Vander Loop*.

For the plaintiff-appellant there was a brief and oral argument by *John H. Wallace, Jr.*, of Oshkosh.

HEFFERNAN, J.   This is a review of a decision of the court of appeals[1] which vacated a judgment of the Circuit Court for Winnebago County, WILLIAM H. CARVER, Circuit Judge, which adjudged the defendant, Robert L. Brooks, not guilty of operating a motor vehicle while under the influence of intoxicants in violation of an ordinance of the City of Omro. The court of appeals remanded the cause for a new trial. On this review we modify the decision of the court of appeals by directing that the trial court enter a judgment of guilty on the city's motion for directed verdict. As the decision of the court of appeals is so modified, we affirm.

The record shows that Robert L. Brooks was charged and tried under a municipal ordinance for drunken driv-

---

[1] Unpublished opinion, December 19, 1980.

ing, enacted in conformity with the state statute. At the close of the city's case, the city attorney moved for a directed verdict of guilty. This motion was renewed at the close of the case for the defense and was renewed after the jury returned a verdict of not guilty. The trial judge denied each of these motions by the city.

We conclude, because the case is civil in nature and because the elements of the offense—driving while under the influence—were undisputed, the case should have been taken from the jury and a verdict of guilty entered by the court.

A review of the evidence presented at trial is required to determine whether or not any material facts were in dispute and should have been left to the jury for determination.

The record shows that Brooks, who was seventeen at the time of the offense, was stopped in the City of Omro on March 31, 1979. The arresting officer testified that he saw the vehicle, later determined to be driven by Brooks, proceeding on a city street straddling the center line and followed it until it came to a stop in a ditch filled with several feet of water.

The officer testified that the driver identified himself as Robert Brooks. Because the officer detected the odor of alcohol on Brooks' breath, he conducted on-the-spot physical tests for sobriety. Some of the tests Brooks performed reasonably well, but others he failed. The officer testified that Brooks failed a portion of the finger-to-nose test and was unable to walk heel-to-toe without staggering. He testified that, on the basis of these tests and his observation of Brooks, it was his opinion that Brooks was under the influence of intoxicants. He stated that he advised Brooks of his rights to remain silent, not to answer questions, and to have the assistance of counsel. Undisputably, Brooks waived these rights and at the scene admitted that he had been driving the

motor vehicle, that he had been drinking, that he had drunk six beers, and acknowledged that he was under the influence of an alcoholic beverage. The testimony of the officer was admitted at trial without objection by the defendant.

The defendant initially objected to the introduction of the report of a test of blood alcohol content. It demonstrated the blood alcohol content to be $.23+$.[2] All of the preliminaries necessary to lay a foundation for the admission of the breathalyzer test were testified to at great length. The test without doubt was administered in accordance with the accepted procedures and, after proper foundation for the test was put in evidence, the results were accepted without objection. The test result was placed before the jury.

After the submission of the evidence recounted above and the admission of the blood-alcohol test, the city moved for a directed verdict of guilty. The city's evidence at this point contained positive evidence of intoxication—the alcohol test and the testimony of the arresting officer that Brooks was driving a motor vehicle and had admitted to being under the influence of an intoxicant. The cross-examination of the officer by defense counsel indicated, however, that Brooks' testimony might to some extent contradict that of the arresting officer. Hence, it could not be concluded at this juncture—the close of the city's case—that the officer's recounting of

[2] Sec. 346.63 (4), Stats., provides:

"(4) A person whose blood contains 0.1% or more by weight of alcohol is under the influence of an intoxicant for purposes of this section. Notwithstanding s. 885.235 (1) (c), a chemical analysis of a person's blood, breath or urine which has been admitted into evidence and which shows that there was 0.1% or more by weight of alcohol in the person's blood is sufficient evidence, without corroborating physical evidence, on which to base a finding that the person's blood contained 0.1% or more by weight of alcohol."

Brooks' admissions of intoxication and driving while under the influence would not be controverted and thus pose questions of fact properly to be resolved by the jury. The trial court withheld ruling on the city's motion for directed verdict at that point in the trial.

Whatever case the defendant had was shattered when he took the stand in his own behalf. Under the questioning of his own counsel, he admitted that he had consumed alcoholic beverages on the evening of his arrest, and he admitted to driving a motor vehicle to the place where he was taken into custody by the officer. Upon cross-examination by the city attorney, he "guessed" he had more than 12 beers. He acknowledged that he told the officer at the site that he was intoxicated, that this admission to the arresting officer was truthful, and that his submission to the breathalyzer test was voluntary. He admitted his failure to satisfactorily perform some of the physical tests administered on the roadway and that such failure was the result of his consumption of "upwards of a dozen bottles of beer."

At the close of the defendant's testimony, the city attorney again raised the question of the directed verdict of guilty. However, the trial judge responded, "We'll give the Jury an opportunity to decide. I guess there are things in issue here that they have to decide."

The judge then proceeded to instruct the jury. His instructions provided:

". . . the City of Omro in this case must prove by evidence which is clear, satisfactory and convincing that there were present the following elements of this offense. First, that the defendant operated a vehicle. Second, that the defendant was under the influence of an intoxicant at the time of the operation of the vehicle."

The jury returned a verdict of not guilty, which the court refused to set aside.

It is apparent from the facts of record that the trial court erred when, after the close of the defendant's case, it permitted the case to go to the jury.

The trial court by its instructions demonstrated its understanding of the nature of the offense of operating a motor vehicle while under the influence of intoxicating beverages. It recognized the position long taken by this court that only two elements are necessary to constitute the offense. As we said in *Milwaukee v. Johnston,* 21 Wis. 2d 411, 414, 124 N.W.2d 690 (1963):

"Only the two elements of operating a vehicle on a highway and under the influence of an intoxicant are . . . required as proof of a violation under the statute or a similar municipal ordinance."

*See* also, *State v. Burkman,* 96 Wis. 2d 630, 644, 292 N.W.2d 641 (1980).

The burden of proof imposed upon the city was properly stated in the judge's instructions. As we said in *Madison v. Geier,* 27 Wis. 2d 687, 135 N.W.2d 761 (1965), where conduct complained of under a municipal ordinance is also a crime under state law, the burden of proof to be sustained is "clear, satisfactory, and convincing."

Thus the question in this case is whether the city without dispute had met this burden in the course of the trial in respect to the material elements of the offense. Clearly it did. It was undisputed that Brooks was operating a motor vehicle just prior to his apprehension. Whether we choose to believe the testimony of the arresting officer in toto, that element is not at issue. The defendant admitted he was driving the vehicle. Moreover, aside from the uncontested admission of the alcohol test, once a proper foundation was provided, the defendant admitted that he had upwards of 12 beers and that he was intoxicated at the time. There was no

evidence that tended to controvert the clear evidence of intoxication. The defendant admitted the essential elements of the offense. He even acknowledged that his coordination was impaired by alcohol when he took the physical tests for sobriety immediately after his apprehension. While, at the close of the city's case, it could have been presumed that the two essential elements of the offense would be contested, at the close of all testimony it was clear that no relevant issues were disputed.

Only immaterial facts were in dispute. Defense counsel in his brief makes much of the fact that Brooks, contrary to what the officer said, testified that he had no difficulty operating his automobile and that at all times stayed in the proper lane of traffic. Brooks also testified that, when he ended up in the water-filled ditch, the arresting officer was not on the scene and that he encountered the officer only when he returned to his vehicle after he had sought help from an occupant of a nearby residence.

Counsel asserts that the jury, by returning a not guilty verdict, accepted the testimony of Brooks and found the testimony of the officer incredible.

The court of appeals correctly analyzed this argument, pointing out that the testimony of the officer was controverted only "in a limited fashion," and that even were it to accept Brooks' testimony in respect to the events of the evening, only immaterial facts—not the elements of the offense—were in dispute. Moreover, as stated in *Milwaukee v. Johnston, supra,* 21 Wis. 2d at 413, " '[I]mproper driving is not an element of the violation of the ordinance' [driving under the influence of alcohol]."

Brooks admitted that he had been driving the vehicle very shortly before he encountered the officer and he admitted at the scene of the accident and later at trial that he was intoxicated when he was picked up. The evidence of guilt was not only undisputed, but it was

completely corroborated by Brooks' own testimony in respect to both elements. While the burden of the city is only to prove the elements of the offense by clear, convincing, and satisfactory evidence, here the proof was beyond a reasonable doubt. There was absolutely no evidence to support the jury's not guilty verdict in respect to the essential elements of the offense.

It is apparent that the court should have directed a verdict of "guilty" following the close of the defendant's case. And following the aberrant decision of the jury, the trial judge should have set the verdict aside, granted the city's motion, and entered judgment of guilty.

The standards for directing verdicts or for the setting aside of unsupported jury verdicts have been frequently addressed by this court.

In *Zillmer v. Miglautsch,* 35 Wis. 2d 691, 698, 151 N.W.2d 741 (1967), we said that a directed verdict should be granted:

" '. . . when the evidence gives rise to no dispute as to the *material issues* or . . . when the evidence is so clear and convincing as reasonably to permit unbiased and impartial minds to come to but one conclusion.' " (Emphasis supplied.)

In *Milwaukee v. Bichel,* 35 Wis. 2d 66, 68, 150 N.W.2d 419 (1967), this court said:

"A verdict ought to be directed if, taking into consideration all the facts and circumstances as they appear in evidence, there is but one inference or conclusion that can be reached . . . ."

In the instant case, the record shows that the city, which had the burden of proof, came forward with sufficient evidentiary facts on the material issues which were uncontroverted and sufficient to remove the ultimate facts from the field of speculation or conjecture. *See Hoffmann v. Wausau Concrete Co.,* 58 Wis. 2d 472, 207 N.W.2d 80 (1973).

Here, where the fact of intoxication and operation of the vehicle were the only essential elements of the offense, a directed verdict should have been granted when the uncontroverted nature of the evidence became apparent.

In respect to a situation similar to this, we said in *Oshkosh v. Lloyd,* 255 Wis. 601, 603, 39 N.W. 2d 772 (1949), applying the rules of civil procedure to the trial of a municipal ordinance violation:

> "Under such evidence a directed verdict would be the proper disposition; or after an unsupported verdict of not guilty has been rendered, it would be the duty of the trial court to set aside the verdict and enter judgment according to the facts. . . . and there is no occasion for granting a new trial."

*See also, Neenah v. Alsteen,* 30 Wis. 2d 596, 601, 142 N.W.2d 232 (1966); *State ex rel. Keefe v. Schmiege,* 251 Wis. 79, 28 N.W.2d 345 (1947); *South Milwaukee v. Schantzen,* 258 Wis. 41, 44 N.W.2d 628 (1950); *City of Milwaukee v. Antczak,* 24 Wis. 2d 480, 481, 129 N.W. 2d 125 (1964).

Thus, we conclude that verdict should have been directed by the trial court and, when the unsupported verdict of the jury was returned, it was the duty of the trial court to vacate the verdict and enter a judgment of guilty.

The court of appeals correctly analyzed the record and vacated the jury verdict and judgment, but failed to enter the appropriate mandate, *i.e.,* the direction to the trial court to enter judgment of guilty on the city's motion. The order for a new trial was in error. We affirm that portion of the court of appeals decision that ordered vacation of the verdict and judgment of not guilty, but modify its mandate by ordering the trial

judge to direct a verdict of guilty and to enter judgment for the city. As so modified, we affirm the decision of the court of appeals.

*By the Court.*—Decision modified and, as modified, affirmed.