John HINZ and Beth Saemann, Plaintiffs,

v.

Christopher LEET, Defendant-Joint-Appellant,

ALL AMERICAN INSURANCE COMPANY, a foreign corporation, Defendant,

TRANSPORTATION INSURANCE COMPANY, Defendant-Respondent,

THRESHERMEN'S MUTUAL INSURANCE COMPANY, Defendant-Appellant.†

Court of Appeals

*No. 94–3353. Submitted on briefs August 1, 1995.—Decided September 26, 1995.*

(Also reported in 539 N.W.2d 706.)

†Petition to review denied.

For the defendant-appellant, Threshermen's Mutual Insurance Company, the cause was submitted on the briefs of *Otjen, Van Ert, Stangle, Lieb & Weir, S.C.* with *Thomas J. Binder,* of Milwaukee

For the defendant-joint-appellant, Christopher Leet, the cause was submitted on the briefs of *McClario & Helm, S.C.* with *Michael Bertling,* of Milwaukee.

For the defendant-respondent the cause was submitted on the briefs of *Godfrey, Braun & Hayes,* with *W. Patrick Sullivan* and *Jane F. Brennan,* of Milwaukee.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

SCHUDSON, J.  Christopher Leet and Threshermen's Mutual Insurance Company appeal from a judgment dismissing their claims against Transportation Insurance Company and Northland Insurance Company. The trial court concluded that Leet was a non-permissive driver and, therefore, was not covered by a Transportation Insurance Company insurance policy issued to his employer.[1] We affirm.

The facts of this case are undisputed. On October 27, 1990, Leet drove through a stop-sign and collided

---

[1] Northland Insurance Company, a third-party defendant, was Leet's personal auto liability insurer, which the trial court determined provided excess coverage.

41

with the pickup truck occupied by the plaintiffs, John Hinz and Beth Saemann. Leet was driving a dump-truck owned by his employer, Lied's Nursery Company, Inc., which was insured by Transportation. Hinz and Saemann brought an action alleging that they were injured as a result of Leet's negligence, and claiming that there was liability coverage for Leet under the Transportation policy or, alternatively, under the uninsured motorist provision of Hinz's Threshermen's policy.

At the time of the accident, Leet was working on a three-week out-of-town job in Sheboygan, Wisconsin. Two days prior to the accident, David Held, a production superintendent for Lied's, traveled to the work site in Sheboygan and told Leet and Randy Nance, a Lied's foreman, that Leet could no longer drive the company truck because the company's auto insurer had determined that Leet was a high-risk driver.

On October 27, 1990, after a full day of work, Nance drove Leet back to the motel where they were staying. Later that evening, they went to a tavern, with Nance driving the company truck. Leet testified that when they left the tavern, Nance, too drunk to drive, asked him or told him to drive and handed him the keys. Driving back to the motel, Leet ran a stop-sign and struck the pickup in which the plaintiffs were traveling.

The trial court bifurcated the trial to first determine the issue of whether Leet had permission to operate the vehicle, before trying the underlying cause of action. Before the case was submitted to the jury, Transportation moved for a directed verdict and the trial court took the motion under advisement. The jury returned an affirmative answer to the special verdict question: "Did Christopher Leet have express or

implied permission of Lied's Nursery to drive the truck at the time of the accident on October 27, 1990?" After verdict, Transportation brought motions "pursuant to Sec. 805.14(b), (c) and/or (d)" (motion for judgment notwithstanding the verdict, motion to change the jury's answer, and motion for a directed verdict, respectively). The trial court granted Transportation's motion for a directed verdict, stating:

> I took a motion for directed verdict under advisement at the conclusion of this trial because of my concerns about the issue and the facts. And the Supreme Court's preferred procedure is to let the matter go to a jury, take the motion under advisement, and deal with it after the jury's returned its verdict.
>
> Under these circumstances, I am going to grant the motion for a directed verdict. I do not believe there is any evidence in this record to support a verdict and finding of permission either express or implied. There is clearly no express permission from the owner under these circumstances.[2]

---

[2] The trial court applied the correct standard in analyzing the motion for a directed verdict on the issue of whether the permissive use question should have been submitted to the jury. *See* § 805.14(1), (4) & (5)(d), STATS.; *City of Omro v. Brooks*, 104 Wis. 2d 351, 358, 311 N.W.2d 620, 624 (1981) (standard for granting a directed verdict is whether there is an absence of material disputed fact and no credible evidence or reasonable inference in support of non-movant); *Liebe v. City Finance Co.*, 98 Wis. 2d 10, 18-19, 295 N.W.2d 16, 20 (Ct. App. 1980) (directed verdict should be granted only "where the evidence is so clear and convincing that a reasonable and impartial jury properly instructed could reach but one conclusion," or there is an absence of disputed material fact). Therefore, we need not analyze the trial court's ruling in terms of a motion to change the jury's answer, *see* § 805.14(5)(c), STATS., ("Any party may

The trial court rejected the argument that Nance acted on behalf of the corporation, noting that it was undisputed that Nance acted outside his scope of authority. The trial court explained: "There was a specific order from a corporate supervisor that Leet was not to drive the vehicle—that order cannot be countermanded by some lower corporate employee in a drunken condition."

We agree. Section 632.32(5)(a), STATS., provides, in part, that "[a] policy may limit coverage to use that is with the permission of the named insured." Lied's policy with Transportation provided coverage for persons using covered vehicles with Lied's permission. Leet did not have Lied's permission to drive its truck.

In *Prisuda v. General Casualty Co.*, 272 Wis. 41, 74 N.W.2d 777 (1956), a mother gave her son permission to use a car but specifically instructed that no one else be allowed to drive it. *Id.* at 43-44, 74 N.W.2d at 778. When the son became tired, however, he let a friend drive and an accident occurred. *Id.* at 44, 74 N.W.2d at 779. The supreme court held that there was no coverage under the mother's insurance policy because the son's friend did not have permission to drive the car. *Id.* at 49-50, 74 N.W.2d at 782. "[S]ince the use to which the car was put by the permittee was not in conformity

---

move the court to change an answer in the verdict on the ground of insufficiency of the evidence to sustain the answer."), or a motion notwithstanding the verdict, *see* § 805.14(5)(b), STATS., ("A party against whom a verdict has been rendered may move the court for judgment notwithstanding the verdict in the event that the verdict is proper but, for reasons evident in the record which bear upon matters not included in the verdict, the movant should have judgment."). *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

with that permitted by the named assured, we are compelled to determine that the coverage of the policy did not extend to [the son's friend] when he drove the car at the time in question." *Id.* at 50, 74 N.W.2d at 782. Similarly, Lied's Nursery had the authority to refuse to allow Leet to drive any of its vehicles, and no coverage can be imposed where the named insured refused permission to a particular individual.

The appellants argue that *Prisuda* is distinguishable. They contend that because Lied's is a corporation it necessarily acts by and through its employees. Therefore, they maintain, when Nance handed over the keys to Leet and told him to drive, Nance provided the corporation's permission to drive. We disagree. Held, superior to both Nance and Leet, specifically told Nance and Leet that Leet could not drive the company truck. To accept the appellants' argument would be to conclude that a drunk corporate employee can violate a superior's order and thus grant the very permission that the corporation has explicitly refused. That would be absurd.

The trial court correctly concluded that no evidence supported a verdict that Leet had either express or implied permission to drive the company truck. Therefore, we affirm.

*By the Court.*—Judgment affirmed.