Alan LARSON and Laurie Larson, Plaintiffs-
Respondents,

v.

KLEIST BUILDERS, LTD. a Wisconsin Corporation,
Defendant,

FIRSTAR BANK MILWAUKEE, N.A., Defendant-Appellant.

Court of Appeals

*No. 95–2235. Submitted on briefs May 14, 1996.—Decided
July 2, 1996.*

(Also reported in 553 N.W.2d 281.)

■■■■■■■

■■■■■■

■■■■■■■■■■■■■■■■■■■■

For the defendant-appellant the cause was submitted on the briefs of *Andrew N. Herbach* of *Howard, Solocheck & Weber, S.C.*, of Milwaukee.

For the plaintiffs-respondents the cause was submitted on the briefs of *Terry E. Nilles* of *Gibbs, Roper, Loots & Williams, S.C.*, of Milwaukee.

Before Wedemeyer, P.J., Fine and Schudson, JJ.

SCHUDSON, J. Firstar Bank Milwaukee, N.A., appeals from a judgment granted in favor of Alan and Laurie Larson arising from Firstar's deposit of their check, payable to Firstar, into the general account of Kleist Builders, Ltd., rather than into the intended escrow account. The trial court concluded that Kleist, the Larsons' contractor, was not a fiduciary and, therefore, rejected Firstar's claim that the Uniform Fiduciary Act operated as a defense to the Larsons' action. We affirm.

The facts are undisputed. In June 1994, the Larsons entered into a home remodeling contract with Kleist. Kleist requested that the Larsons write a check for $42,072 to fund an escrow account at Firstar requiring the signatures of Kleist and either of the Larsons for withdrawal. The Larsons agreed and made the check payable to Firstar. Firstar had no knowledge of any relationship between Kleist and the Larsons. Nevertheless, instead of depositing the check into the escrow account, Firstar accepted the check for deposit into Kleist's general account. Kleist subsequently went out of business, having neither completed the Larsons' work nor paid them back their money.

343

In addition to suing Kleist, the Larsons sued Firstar alleging, among other things, that Firstar was negligent in accepting their check for deposit into Kleist's general account and that Firstar failed to adequately inquire or investigate Kleist's authority to deposit the check. Firstar asserted that the Larsons' action was barred by the Uniform Fiduciaries Act. Firstar contended: (1) it lacked actual knowledge of the Larson/Kleist relationship and was not bound to inquire whether Kleist breached any alleged fiduciary duty by making the deposit; and (2) its actions did not constitute bad faith.

The Larsons and Firstar brought cross-motions for summary judgment. Firstar argued that, under § 112.01(10), STATS., it escaped liability because Kleist had held and deposited the Larsons' check as a "fiduciary." The trial court ruled, however, that "under Wisconsin common law[,] a bank is liable for diversion to the benefit of the presenter of proceeds of a check drawn to [the] bank's order by a drawer who did not authorize the payee bank to release the check to the presenter." The trial court, concluding that "Kleist was not acting in a fiduciary capacity for the Larsons with respect to the check," further explained:

> The uncontested affidavit of Mrs. Larson shows that she did not entrust funds for future construction to Kleist. She only gave Kleist a check which was drawn to the benefit of a third party and to which Kleist had no rights at all. The check on its face did not indicate in any way that there might have been a fiduciary relationship between the Larsons and Kleist.

The trial court granted summary judgment to the Larsons.

Summary judgment methodology is governed by § 802.08, STATS., and we apply that methodology in the same manner as the trial court. *Allied Ins. Center, Inc. v. Wauwatosa Savings & Loan Ass'n*, 200 Wis. 2d 369, 375, 546 N.W.2d 544, 546 (Ct. App. 1996). If the pleadings state a claim for relief and the responsive pleadings join the issue, we must examine the summary judgment submissions to determine whether they set forth specific evidentiary facts to demonstrate a genuine issue for trial. *See* § 802.08(3), STATS.; *Transportation Ins. Co. v. Hunzinger Const. Co.*, 179 Wis. 2d 281, 289, 507 N.W.2d 136, 139 (Ct. App. 1993). If the party opposing summary judgment fails to offer specific evidentiary facts to demonstrate a genuine issue for trial in response to the movant's submissions, then summary judgment "shall be entered against such party." Section 802.08(3). Additionally, we apply a *de novo* standard of review when called upon to review a trial court's interpretation and application of a statute. *Allied Ins.*, 200 Wis. 2d at 376, 546 N.W.2d at 547.

The common law rule in Wisconsin is that a bank will be liable when the presenter of a check, payable to the bank, diverts the proceeds of the check for the presenter's benefit. *Motor Castings Co. v. Milwaukee County Bank*, 254 Wis. 493, 497, 36 N.W.2d 687, 689 (1949); *Wisconsin Gen. Fin. Corp. v. Park Savings Bank*, 208 Wis. 437, 441, 243 N.W. 475, 476-477 (1932). As a defense to this common law rule, Firstar points to § 112.01(10), STATS., which in relevant part, provides:

[I]f the fiduciary[1] otherwise makes a deposit of funds held by the fiduciary as fiduciary, the bank receiving such deposit is not bound to inquire whether the fiduciary is committing thereby a breach of his or her obligation as fiduciary. The bank is authorized to pay the amount of the deposit or any part thereof upon the personal check of the fiduciary, including checks payable to the bank, without being liable to the principal, unless the bank receives the deposit or pays the check with actual knowledge that the fiduciary is committing a breach of his or her obligation as fiduciary in making such deposit . . ., or with knowledge of such facts that its action in receiving the deposit . . . amounts to bad faith, and the bank paying the check is not bound to inquire whether the fiduciary is committing thereby a breach of his or her obligation as fiduciary.

■

When construing a statute, we first refer to the plain language of the statute. *Jungbluth v. Hometown, Inc.*, 201 Wis. 2d 320, 327, 548 N.W.2d 519, 522 (1996). If the statute's language is plain on its face, we do not look beyond the plain and unambiguous language of the statute and, instead, simply apply it to the facts of the case. *See id.*

From the plain and unambiguous language of § 112.01(10), STATS., it is clear that in order for the

---

[1] Section 112.01(1)(b), STATS., defines a "fiduciary" to include:

a trustee under any trust, expressed, implied, resulting or constructive, executor, administrator, guardian, conservator, curator, receiver, trustee in bankruptcy, assignee for the benefit of creditors, prime contractor or subcontractor who is a trustee under ch. 779, partner, agent, officer of a corporation, public or private, public officer, or any other person acting in a fiduciary capacity for any person, trust or estate.

statute to apply, Kleist would have to have been the Larsons' fiduciary. The statute applies when a bank is aware that it is dealing with a fiduciary. Indeed, the statute presumes a bank's knowledge of the presenter as a fiduciary and, contrary to Firstar's argument, the "actual knowledge" and "bad faith" components of the statute relate to the known fiduciary's conduct with regard to the check presented. Thus, this case presents none of the factual scenarios contemplated by the statute and, therefore, the defenses of this statute are inapplicable.[2]

---

[2] Firstar cites *Bolger v. Merrill Lynch Ready Assets Trust*, 143 Wis. 2d 766, 423 N.W.2d 173 (Ct. App. 1988), in support of its position. *Bolger*, however, is distinguishable. An agent with check writing privileges for two trusts wrote checks to a brokerage on his principals' accounts for his own benefit. The trustees then sued the brokerage alleging that it was liable for accepting checks drawn in violation of the agent's fiduciary duties. The trial court granted judgment in favor of the trustees, reasoning that the bank knew the checks were drawn from a trust account and, because of the agent's written directives regarding how the funds were to be deposited, also knew that the deposits were for the agent's personal benefit. This court reversed, concluding that the bank was not liable under the Uniform Fiduciaries Act because it did not have "actual knowledge" that the deposits were for the fiduciary's personal benefit.

Significantly, the parties in *Bolger* stipulated that the agent was a fiduciary under § 112.01(6), STATS. Indeed, we specifically noted that we were not addressing any issue involving the application of § 112.01(10). *See id.* at 769 n.2, 423 N.W.2d at 174 n.2. Thus, *Bolger* does not support Firstar's argument under § 112.01(10).

Firstar does, however, accurately cite *Bolger* for the proposition that the U.F.A. was intended to change the common law rule that persons dealing with fiduciaries had a duty to assure that a fiduciary was properly dealing with fiduciary

█

The Larsons wrote their check to Firstar, not Kleist. Nothing on the check indicated either a fiduciary relationship between the Larsons and Kleist or that Kleist had any rights to the check. Additionally, Mrs. Larson's uncontested affidavit represents that she gave Kleist the check for deposit into a dual signature escrow account. As the trial court correctly concluded, Kleist was the Larsons' contractor, not their fiduciary, and therefore, § 112.01(10), STATS., was inapplicable. Accordingly, we affirm the judgment in favor of the Larsons.[3]

*By the Court.*—Judgment affirmed.

---

---

funds. *Id.* at 774, 423 N.W.2d at 176; *see also Johnson v. Citizens Nat'l Bank,* 334 N.E.2d 295, 198 (Ill. Ct. App. 1975) (U.F.A. intended to cover situations where a bank deals with another person "knowing him to be a fiduciary"). This is not to say, however, that the U.F.A. is supposed to shield a bank from liability for improperly depositing or disbursing funds.

[3] Because we conclude that § 112.01(10), STATS., is inapplicable to shield Firstar from liability, we do not address the Larsons' alternative arguments for upholding the judgment. *See Gross v. Hoffman,* 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed).

Additionally, Firstar argues that even if the trial court correctly determined that Kleist was not a fiduciary, a factual issue remains regarding whether Firstar was negligent. We reject Firstar's argument. *See Badger III Ltd. Partnership v. Howard, Needles, Tammen & Bergendoff,* 196 Wis. 2d 891, 899 n.1, 539 N.W.2d 904, 908 n.1 (Ct. App. 1995) (arguments mentioned only in a footnote are inadequately preserved or developed).