John J. Petta and Rachelle DeValk, Plaintiffs-Respondents,†

v.

ABC Insurance Co., DEF Insurance Co., and GHI Insurance Co., Defendants,

The Travco Insurance Co., Defendant-Appellant.

Court of Appeals

*No. 03–0610. Submitted on briefs September 2, 2003.—Decided October 21, 2003.*

2003 WI App 241

(Also reported in 672 N.W.2d 146.)

† Petition to review granted 3-23-04.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Steven Theesfeld* and *Yost & Baill LLP* of Minneapolis, MN.

On behalf of the plaintiffs-respondents, the cause was submitted on the brief of *D. James Weis* and *Habush Habush & Rottier, S.C.*, of Rhinelander.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. HOOVER, P.J. The Travco Insurance Company appeals an order concluding that the *Rimes* "made whole doctrine" prevents Travco from seeking subrogation for payments it made pursuant to an insurance policy owned by Dayle Petta. *See Rimes v. State Farm Mut. Auto. Ins. Co.*, 106 Wis. 2d 263, 316 N.W.2d 348 (1982). We conclude that the relationship between Travco and Petta's children, who are the plaintiffs, does

not call for the application of the *Rimes* doctrine to preclude recovery on a subrogation interest. We therefore reverse the order.

## Background

¶ 2. The facts are undisputed. Dayle Petta was killed in an automobile accident. Dayle was insured by Travco, which paid over $14,000 in funeral, medical, and property damage expenses. John Petta and Rachelle DeValk—Dayle's children—sued the tortfeasors (West Bend)[1] in a wrongful death action. Travco, added because of its potential subrogation interest, cross-claimed against West Bend. Petta and DeValk then settled with West Bend, agreeing to indemnify it against any subrogation claims, specifically indemnifying West Bend against Travco, and ultimately dismissing West Bend from the case.

¶ 3. Petta and DeValk then requested a *Rimes* hearing. Travco stipulated that Petta and DeValk had not been made whole, but argued that they were not Travco's insureds and therefore not entitled to application of *Rimes*. The trial court nonetheless concluded, "it's . . . settled law that as long as they aren't made whole . . . the subrogated claim is discharged by the plaintiffs." Travco appeals.

## Discussion

¶ 4. Travco's essential argument is that the *Rimes* doctrine applies only to prevent an insurer from seeking a subrogation interest against its insured if the

---

[1] West Bend Mutual Insurance Company, Bryon J. Schroeder, and Whiplash Lake Resort were the defendants in the trial court. They were dismissed from this appeal based on their dismissal in that court.

insured has not been made whole. Because Petta and DeValk are not Travco's insureds, it contends they are not protected by *Rimes*.[2] We discern two main responsive arguments from Petta and DeValk, although their brief is not completely clear. First, they argue that they own specific claims for Dayle's funeral, medical, and vehicle expenses under the wrongful death statute, WIS. STAT. § 895.04.[3] Second, Petta and DeValk argue that even if Travco has a subrogation right, *Rimes* applies to prevent Travco's recovery.

¶ 5.   Interpreting the wrongful death statute is a question of law we review de novo. *See State v. Schwebke*, 2002 WI 55, ¶ 26, 253 Wis. 2d 1, 644 N.W.2d 666. Whether a party's subrogation rights limit a plaintiff's recovery is also a question of law we review de novo, *Koffman v. Leichtfuss*, 2001 WI 111, ¶ 20, 246 Wis. 2d 31, 630 N.W.2d 201, as is the application of the made whole doctrine to undisputed facts. *Ruckel v. Gassner*, 2002 WI 67, ¶ 13, 253 Wis. 2d 280, 646 N.W.2d 11.

## "Ownership" of the Claims for Damages

¶ 6.   Petta and DeValk first argue that they are specifically authorized to bring a claim for Dayle's funeral and medical expenses and that they may recover damages to her vehicle as a "pecuniary injury,"

---

[2] Travco also raised the question whether Petta and DeValk had standing to request a *Rimes* hearing. *See Rimes v. State Farm Mut. Auto. Ins. Co.*, 106 Wis. 2d 263, 316 N.W.2d 348 (1982). Because we reverse on other grounds, we do not address that issue. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).

[3] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

regardless whether they paid for these expenses. They base these claims on WIS. STAT. § 895.04(4) and (5), which state:

> (4) Judgment for damages for pecuniary injury from wrongful death may be awarded to any person entitled to bring a wrongful death action. . . .
>
> (5) . . . If a relative brings the [wrongful death] action, the relative may recover such medical expenses, funeral expenses, including the cost of a cemetery lot, grave marker and care of the lot, on behalf of himself or herself or of any person who has paid or assumed liability for such expenses.

¶ 7. In *Estate of Cavanaugh v. Andrade*, 191 Wis. 2d 244, 266–67, 528 N.W.2d 492 (Ct. App. 1995), *rev'd on other grounds,* 202 Wis. 2d 290, 550 N.W.2d 103 (1996), we dealt in part with WIS. STAT. § 895.04(5). There, Cavanaugh brought a wrongful death suit that included a claim for medical expenses paid by Milwaukee County. The City of Milwaukee, one of the defendants, disputed whether Cavanaugh was allowed to make the claim when a third party such as the County had paid the expenses but had not been joined in the action.

¶ 8. Ultimately, we concluded that:

> This statute does not require the "person who paid the medical expenses" to be joined. The statute allows the relative who brings the action . . . to assert a claim for medical expenses on behalf of the [payor] *if* he chooses to do so. Cavanaugh has chosen to assert a medical expense claim on the County's behalf and, therefore, he is entitled to recover the medical expenses.
>
> . . . .
>
> Our decision should not be interpreted to mean that Cavanaugh is entitled to retain any proceeds he might

158

recover for the medical expenses. . . . The County *is* entitled to any recovery for medical costs. Cavanaugh, however, can make a claim for the medical expenses *on behalf* of the County.

*Id.* at 266–67.

¶ 9.   Similarly here, Petta and DeValk are indeed entitled to bring their medical and funeral expenses claim *on behalf of the payor,* Travco. They do not, however, own the claim exclusively, nor are they entitled to retain the proceeds of their claim when they did not pay the expenses.

¶ 10.   *Cavanaugh* does not deal with pecuniary expenses, but we are not convinced that Dayle's vehicle damage is a pecuniary injury as contemplated by WIS. STAT. § 894.05(4). Pecuniary loss is commonly used in reference to lost inheritance or support and is defined as a loss of any benefit the beneficiary would have received from the decedent if the decedent had lived. *See, e.g., Schaefer v. American Fam. Mut. Ins. Co.,* 192 Wis. 2d 768, 784–87, 531 N.W.2d 585 (1995). If this is the case, that a pecuniary injury does not refer to tangible objects like a vehicle, then Petta and DeValk would have no claim to the "pecuniary loss" of the vehicle as a matter of law.

¶ 11.   A pecuniary loss, however, is also defined as a loss of something with monetary value, *see* BLACK'S LAW DICTIONARY 957 (7th ed. 1999), and an automobile typically has some value. However, much like the claim for medical and funeral expenses, we do not perceive how Petta and DeValk suffered a "loss" when they have not been called upon to pay for the damage to the vehicle. If the car had not been damaged, Petta and DeValk might have inherited the vehicle. Instead, they received the proceeds from Travco or they received a vehicle repaired by Travco's funding.

¶ 12. Petta and DeValk offer no explanation as to why they should be entitled to retain compensation from West Bend for the vehicle damage, except to say WIS. STAT. § 895.04(4) authorizes recovery of pecuniary injury. Much like the funeral and medical expenses, we question how they have been injured by damage to Dayle's car when Travco paid for it. There should be no recovery where there is no injury. Moreover, Petta and DeValk offer no explanation as to why Travco is not entitled to recover its payments, except to argue the application of *Rimes* which, as we explain below, is inapplicable in this case.

### Subrogation

¶ 13. In all the cases Petta and DeValk cite dealing with *Rimes*, the made whole doctrine is discussed in terms of the relationship between an insurer and its insured. This is because subrogation is an equitable doctrine. *Rimes*, 106 Wis. 2d at 271. When we are faced with the possibility that either an insurer or its insured must go unpaid because a tortfeasor has a limited pool of funds from which to pay damages, it is deemed preferable that the insurer go unpaid and bear the loss the insured paid it to assume. *Id.* at 276.

¶ 14. There is no such relationship here. Petta and DeValk made no payment to Travco to receive benefits, nor do they point to anything in the wrongful death statute that allows Petta and DeValk to "stand in Dayle's shoes" *vis-à-vis* her relationship with Travco. The wrongful death statute gives Petta and DeValk their own claims separate from Travco's and wholly independent of any contractual relationship between

160

Dayle and Travco. But for Petta and DeValk's indemnification agreement, there were two separate causes of action against West Bend.

¶ 15. Moreover, we disagree with Petta and De-Valk that *Schulte v. Frazin*, 176 Wis. 2d 622, 500 N.W.2d 305 (1993), allows them to make just such an indemnification agreement and then apply *Rimes*. *Schulte*, like the other cases upon which Petta and DeValk rely, deals with an insurer and an insured and their respective rights in settlement proceedings. Petta and DeValk broaden the opinion's language, claiming that the supreme court concluded, "when an injured person settles with the tortfeasor," we apply *Rimes*. The case actually says that when an injured *insured* settles, the equities of *Rimes* come into play. *Schulte*, 176 Wis. 2d at 637. This is consistent with the line of cases relating to insurers and insureds. It is not applicable to wrongful death plaintiffs. Moreover, we are not at liberty to change the supreme court's language to fit Petta and DeValk's case. *See Cook v. Cook*, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997).

¶ 16. We also agree with Travco's concern that if we were to apply *Rimes* here, we would set a dangerous precedent. If there were multiple plaintiffs against a common tortfeasor based on a single incident, the plaintiffs could "race" to settlement. The first to settle and indemnify the tortfeasor could show that he or she was not made whole and, if *Rimes* applied, extinguish not only subrogation claims but also the other plaintiffs' claims. This takes *Rimes* to a place it was never intended to go.

*By the Court.*—Order reversed.