GROSS, Receiver, Appellant, vs. HOFFMAN, Deputy City Treasurer, and others, Respondents.

*January 11—April 12, 1938.*

*Albert A. Mayer* of Milwaukee, for the appellant.

For the respondent Fidelity & Casualty Company of New York there were briefs by *Shaw, Muskat & Paulsen* of Milwaukee, and oral argument by *Martin R. Paulsen.*

For the respondents Paul A. Hoffman and city of West Allis there were briefs by *Laurence C. Gram* of West Allis.

The following opinion was filed February 15, 1938:

FOWLER, J. The action is brought to recover from whomever of the defendants, if any, is liable for the amount of special-assessment certificates issued to a contractor as payment for water and sewer laterals installed by him. The deputy city treasurer, the city treasurer and his bondsman, and the city of West Allis are the defendants. The certificates were assigned to the First National Bank of West Allis, of which the plaintiff is receiver. The ground laid for recovery from the deputy treasurer, and the city treasurer and his bondsman is that the deputy city treasurer failed to enter the assessments covered by the certificates upon the delinquent tax roll of the year 1930 as it is claimed they should have been entered, whereby, plaintiff claims, the lien of the certificates was lost and the plaintiff was damaged to the extent of the amount of the certificates. The ground laid for recovery from the city is sec. 62.25 (2) (a), Stats., which reads:

"Damages, if any, in an action against a city officer in his official capacity, except the action directly involve the title to his office, shall not be awarded against such officer, but may be awarded against the city."

· The certificates recited that the amount thereof with interest to March 1, 1931, would be entered upon the 1930 tax roll. The amount was so entered. But in December, 1930, an ordinance was enacted by the city which in terms provided for extension to June 30, 1931, of the time of payment "of all taxes assessed for city purposes, including those upon real estate, also special assessments" according to the "provisions of sec. 74.03," Stats. 1929. The ordinance further provided that taxes not paid by June 30, 1931, should be declared delinquent, and that all tracts of ·land against which such taxes were assessed should be sold in the manner provided by law for the nonpayment of taxes. The tax roll filed by the deputy city treasurer with the county treasurer showed the assessments against the lands covered by the certificates in suit in the delinquent column. Above the entry of such assessments the deputy city treasurer made the notation "Extended Roll." The county treasurer on February 2, 1933, bid in for the county the lands covered by the special-assessment certificates in suit and delivered tax sale certificates reciting that the lands covered were sold for the amount due for taxes on the land for 1931, and that the county would be entitled to a tax deed therefor three years from date of sale. The certificates also recited that the taxes involved were for "1930 extended street and alley improvements, sewer, water-pipe, house service connections," and were "special taxes."

The statute under which the city assumed to act, in adopting the ordinance stated, is sec. 74.03 (2), which reads :

"The common council of any city, the board of trustees of any village, and the board of any town, shall have power to extend the time for the collection of all or a portion of the taxes, assessed for city, village or town purposes, to ·all persons desiring such extension, for a period of time not exceeding six months under the following conditions :"

The plaintiff claims that as the statute above quoted only purports to authorize extension of time of payment of taxes for city purposes, it does not confer power on the city to extend the time of payment of special assessments because they are not taxes for city purposes, and the ordinance is void as to such assessments. Assuming, but not deciding, that this is correct it does not affect the instant case because the terms of the certificates expressly provide that their amounts "shall be . . . collected for the use and benefit of the holder . . . as other taxes on real estate are collected, as provided by law." The contractor thus agreed that the special assessments might be collected as general taxes for that year were collected. In thus agreeing, he agreed that the time of their payment might be extended if the time of payment of the general taxes was extended, and agreed that the same process for enforcing collection might be followed in case of the certificates as was followed by law for enforcing collection of the general city taxes. Thus, if the time of payment of the general taxes was extended by the ordinance so that they could not be returned as delinquent and sold at the 1931 sale, so was the time of payment of the assessments extended so that they could not be so returned and so sold. It is not suggested that the tax sale certificates issued on sales of land in 1933 for the general taxes of 1930 are void. If such certificates are valid, so are the certificates in suit. The plaintiff's whole case is predicated on the hypothesis that the sale of the land for special assessments should have been made in 1931, because the time for payment of such assessments was not extended, and a sale made after 1931 was void. Nothing else is suggested as making the subsequent sale void. The complaint falls with the fall of the hypothesis on which it is based, and the judgment should be affirmed.

The decision of the trial court was based on grounds other than those above stated, and the respondents urge those

grounds and others besides the above in support of the judgment. As one sufficient ground for support of the judgment has been declared, there is no need to discuss the others urged.

*By the Court.*—The judgment of the circuit court is affirmed.

A motion for a rehearing was denied, with $25 costs, on April 12, 1938.