Steven H. Nichols, Plaintiff-Respondent-Cross-Appellant,
v.
Barry R. Bignell and Richard G. Tunnicliff Defendants-Respondents-Cross-Respondents,
Midwest Family Mutual Insurance Company, Defendant-Cross-Respondent,
Dairyland Insurance Company, Defendant-Appellant-Cross-Respondent,
United Fire & Casualty Company, Defendant-Intervenor-Cross-Respondent.
No. 03-0849.
Court of Appeals of Wisconsin.
Opinion Filed: April 13, 2004.
Before Cane, C.J., Hoover, P.J., and Peterson, J.
¶1. PER CURIAM.
Dairyland Insurance Company appeals that part of an order denying its summary judgment motion.[1] Dairyland argues the circuit court erred by concluding that insurance coverage was available under its automobile policy issued to Richard Tunnicliff. We agree and reverse that part of the order.
¶2. In turn, Steven Nichols cross-appeals the order granting summary judgment in favor of Midwest Family Mutual Insurance Company and United Fire & Casualty Company, arguing that the circuit court erred by concluding that the respective policies do not provide coverage to Tunnicliff for Nichols' claims. We reverse that part of the order granting summary judgment to United and affirm that part of the order granting summary judgment to Midwest.

Background
¶3. The underlying personal injury action arose out of an accident that occurred on January 14, 1999, when a snowmobile driven by Barry Bignell struck a snowmobile driven by Nichols. Nichols, claiming that Bignell and Tunnicliff were racing their Bignell-owned snowmobiles at the time of the accident, alleged a concert of action negligence theory against both Bignell and Tunnicliff. At the time of the accident, Tunnicliff was insured under policies issued by Dairyland, United and Midwest. The insurers moved for summary judgment arguing there was no coverage under their respective policies for Nichols' claims against Tunnicliff. The circuit court granted summary judgment in favor of United and Midwest, but concluded that coverage was available under Dairyland's automobile policy. This appeal and cross-appeal follows.

Discussion
¶4. Resolution of this case turns on the interpretation of insurance contracts. Contract interpretation presents a question of law that we review independently, while benefiting from the circuit court's analysis. Hull v. State Farm Mut. Auto. Ins. Co., 222 Wis. 2d 627, 636, 586 N.W.2d 863 (1998).
¶5. An insurance policy is construed to give effect to the intent of the parties, expressed in the language of the policy itself, which we interpret as a reasonable person in the position of the insured would understand it. Danbeck v. American Family Mut. Ins. Co., 2001 WI 91, ¶10, 245 Wis. 2d 186, 629 N.W.2d 150. The words of an insurance policy are given their common and ordinary meaning. Id. Where the language of the policy is plain and unambiguous, we enforce it as written, without resort to rules of construction or principles in case law. Id. This is to avoid rewriting the contract by construction and imposing contract obligations that the parties did not undertake. Id. Contract language is considered ambiguous if it is susceptible to more than one reasonable interpretation. Id. If the language is ambiguous, it is construed in favor of coverage. Id.

A. Dairyland Insurance Company
¶6. Dairyland argues the circuit court erred by concluding that insurance coverage was available under its "car policy." We agree. The circuit court focused on a general provision at the beginning of the policy, which provides: "This insurance applies only to car accidents and losses which occur while this policy is in force." In turn, "car accident" is defined as "an unexpected and unintended event that causes bodily injury or property damage and arises out of the ownership, maintenance, or use of a car or other motor vehicle." The term "motor vehicle" is defined as "a land motor vehicle designed for use on public roads. It includes cars and trailers. It also includes any other land motor vehicle while used on public roads." Concluding that a snowmobile falls within the definition of "other motor vehicle," the court determined that coverage existed under the policy. The clause on which the circuit court focused, however, is a general provision at the beginning of the policy that, on its face, is not the central insuring clause. Rather than describing the liability protection the policy affords, this provision generally discusses the limitations of when the policy applies. It does not determine the types of vehicles insured.[2]
¶7. It is the insuring clause, found under "Our Promises To You," that actually describes the liability protection the insurer provides. Under that clause, Dairyland promises to pay damages for which the insured is responsible because of a "car accident" involving a "car" that Dairyland insures. The term "car" is defined, in relevant part, as "a 4 wheel motor vehicle licensed for use on public roads." A snowmobile has no wheels and is therefore not a car under the policy's terms. Because the insuring clause requires the "car accident" to involve a "car," it is irrelevant that the definition of "car accident" includes snowmobiles. The actual insuring clause is unambiguous in the present context and the general application clause does not render it ambiguous or otherwise conflict with it. Id. Because no coverage exists for the snowmobile under these facts, we conclude the trial court erred by denying Dairyland's summary judgment motion.[3]

B. United Fire & Casualty Company
¶8. In his cross-appeal, Nichols argues the circuit court erred by concluding that a snowmobile was not an exception to an exclusion in Tunnicliff's United-issued homeowner's insurance policy. That policy provides, in relevant part:
SECTION II  EXCLUSIONS
1. Coverage E.  Personal Liability and Coverage F  Medical Payments to others do not apply to "bodily injury" or "property damage"
....
f. Arising out of:
(1) The ownership, maintenance, use loading or unloading of motor vehicles or all other motorized land conveyances, including trailers, owned or operated by or rented or loaned to an "insured";
....
This exclusion does not apply to:
....
(2) A motorized land conveyance designed for recreational use off public roads, not subject to motor vehicle registration and:
(a) Not owned by an "insured"; or
(b) Owned by and "insured" and on an "insured location."
(Emphasis added). The circuit court concluded the snowmobile did not fall under the exclusion's exception because snowmobiles are subject to registration under Wis. Stat. § 350.12.[4] As Nichols contends, however, the policy distinguishes between a "motor vehicle" and "other motorized land conveyance." Rather than applying the exception to a motorized land conveyance "not subject to vehicle registration," United specified that the exception would apply to "[a] motorized land conveyance ... not subject to motor vehicle registration." Because a snowmobile is not subject to "motor vehicle registration" under Wis. Stat. ch. 341 but, rather, excluded from registration under that chapter, see Wis. Stat. § 341.055, the exception to the exclusion applies.

C. Midwest Family Mutual Insurance Company
¶9. Nichols argues the circuit court erred by denying coverage under Midwest's policy on the basis that neither the injury nor damages arose out of any business pursuit. Nichols contends that his claims are not derived from the Commercial Liability Coverage Section that would exclude his claims but, rather, from the definitions section, the principal coverage section and the incidental liability coverage section of the policy. It is clear, however, from a reading of the policy, its format and its table of contents, that the subsections under which Nichols claims coverage are part of the Commercial Liability Coverage Section. These subsections and their attendant definition sections are merely descriptions of the coverage available under the Commercial Liability Coverage Section.
¶10. Under the policy, Tunnicliff is an "individual" insured. In turn, the "Common Policy Definitions" section provides that for an "individual" insured, there is coverage "only with respect to the conduct of a business of which you are sole owner." Because it is undisputed that the accident did not arise in the course of Tunicliff's business, the circuit court properly concluded there was no coverage under Midwest's policy.
By the Court.  Judgment and Order affirmed in part and reversed in part.
NOTES
[1] Leave to appeal the nonfinal order was granted April 17, 2003.
[2] As Dairyland points out, the unambiguous and limited purpose of the definition of "car accident" is to preclude expected or intended damages.
[3] We do not discuss the alternate arguments advanced by Dairyland. See Gross v. Hoffman, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).
[4] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.