Patricia L. Guy, Plaintiff-Appellant,
v.
Golden Gate Funeral Home, Maudie Love, Randy Guy, Defendants-Respondents.
No. 04-1564.
Court of Appeals of Wisconsin.
Opinion Filed: December 28, 2004.
Before Wedemeyer, P.J., Curley and Kessler, JJ.
¶1 WEDEMEYER, P.J.
Patricia L. Guy appeals pro se from an order dismissing her case against Golden Gate Funeral Home, Maudie Love and Randy Guy. The trial court dismissed her complaint, ruling that she did not have the requisite standing to maintain the claims asserted in the complaint. Patricia contends the trial court erred in dismissing her claim because she has standing to sue pursuant to the Seventh Amendment. Because the trial court did not err in concluding that the estate of the deceased rather than an individual child is the party with proper standing to assert the claims involved here, we affirm.[1]

BACKGROUND
¶2 This case arises from the death of Patricia's mother, Mary E. Guy, who died at home on June 10, 2003. On June 23, 2003, Patricia was appointed as special administrator to make funeral and burial arrangements. On June 24, 2003, the court vacated its order appointing Patricia as special administrator.
¶3 On November 11, 2003, the court appointed Attorney Leonard V. Brady to be special administrator of the estate of Mary E. Guy. The order specifically stated that Brady was appointed to arrange for the burial and funeral, to pay from the estate the costs arising therefrom, and to administer the estate through closing.
¶4 On November 24, 2003, Patricia filed the summons and complaint in the instant case. The complaint alleged that Golden Gate was intentionally and illegally holding the body of her deceased mother. The complaint requested that the court order the funeral home to immediately release the body to Patricia and sought $500,000 in damages.
¶5 An answer was filed on February 9, 2004, denying Patricia's allegations and raising the following affirmative defenses: the summons failed to properly identify the correct parties, the defendants were never properly served, the complaint failed to state a claim, and Patricia was not the special administrator of the estate.
¶6 Patricia then filed motions for default judgment and to strike the answer as untimely. Golden Gate filed motions to dismiss for lack of jurisdiction and standing. After conducting a hearing, the trial court dismissed the complaint on the basis that the estate, rather than Patricia, was the only party with standing to pursue claims such as those alleged in the complaint. Patricia now appeals.

DISCUSSION
¶7 The issue in this case is whether Patricia had proper standing to sue for the claims she asserted in her complaint. "`Standing' is usually [viewed as] a matter of judicial policy." Wisconsin Hosp. Ass'n v. Natural Res. Bd., 156 Wis. 2d 688, 700, 457 N.W.2d 879 (Ct. App. 1990). Whether a party has standing is a question of law that we review independently. Id.
¶8 Here, the trial court ruled that Patricia did not have standing:
[S]he really does not have standing in this particular case based on this Complaint. Any complaints that are being made here are really complaints of the estate. An individual sibling or individual child can't bring it on her own behalf. This is really issues [sic] that the estate must bring, and that is up to the special administrator.
¶9 We agree with the trial court. Brady was appointed special administrator to handle the funeral and burial. Brady is the only party who currently holds valid special administration papers and is authorized to request transfer of the deceased's body. In fact, the record reflects that Brady did request transfer of the body for burial, which was complied with by Golden Gate. The record indicates that Golden Gate no longer has the deceased's body at its funeral home.
¶10 Patricia asserts that she has standing under the Seventh Amendment to the United States Constitution. The Seventh Amendment reads:
In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.
U.S. CONST. amend. VII. Patricia does not explain how the Seventh Amendment confers standing on her under the complaint she filed. We see nothing in the Seventh Amendment to alter our conclusion that the estate, rather than an individual child, is the party with proper standing to assert claims against the funeral home. A plaintiff does not have a right to a jury trial under the Seventh Amendment unless he or she first establishes he or she has standing to pursue the claim. Accordingly, we affirm the trial court's decision dismissing Patricia's complaint in this case because she has failed to establish that she has standing to pursue her complaint.
By the Court.  Order affirmed.
NOTES
[1] Patricia also asserts that the trial court had personal jurisdiction over the case and that the trial court should have granted her motion for default because the defendants' answer was not filed timely. We decline to address these contentions, however, because the standing issue is dispositive of the case. See Gross v. Hoffman, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need to be addressed).