RUSK COUNTY DEPARTMENT OF HEALTH AND HUMAN
SERVICES, Petitioner-Respondent,

Danielle K. SCHULTZ, Petitioner,

v.

Leonard M. THORSON, Respondent-Appellant.

Court of Appeals

*No. 04–2267–FT. Submitted on briefs November 17, 2004.—
Decided January 11, 2005.*

2005 WI App 37

(Also reported in 693 N.W.2d 318.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Carol A. Conklin* of *Conklin Law Office*, Ladysmith.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Michael P. Weiler* of *Weiler Law Office*, Ladysmith.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Leonard Thorson appeals an order[1] obligating him to pay lying-in expenses for his children, as authorized under WIS. STAT. § 767.51(3)(e).[2]

---

[1] The document is titled "Order and Judgment."

[2] This is an expedited appeal under WIS. STAT. RULE 809.17. All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

Thorson argues the circuit court had no authority to order he was obligated to pay those expenses when, at the time of the order, he had no ability to pay.[3] We agree and reverse the order.

## BACKGROUND

¶ 2. Thorson is the father of twins born September 28, 2003. He resides with the children and their mother. The Wisconsin Medical Assistance Program paid the expenses associated with the birth of the twins.

¶ 3. On February 5, 2004, the Rusk County Department of Health and Human Services filed a paternity petition seeking, among other things, reimbursement for lying-in expenses. The parties agreed and the circuit court found that Thorson did not have the present ability to pay any of the expenses. Nevertheless, the court ordered that Thorson was obligated for the total of $4,332.50, although it held payment in abeyance. It also ordered Thorson to provide copies of his tax returns and to report to the County any change of address, employer or income.

## STANDARD OF REVIEW

[1–4]

¶ 4. The authority of the circuit court in paternity actions is limited to that provided in the paternity statutes. *State v. Charles R.P.*, 223 Wis. 2d 768, 771, 590 N.W.2d 21 (Ct. App. 1998). The interpretation of a

---

[3] Thorson also argues the circuit court erroneously exercised its discretion by applying the wrong legal standard. Because the interpretation of Wis. Stat. § 767.51(3)(e) is conclusive, we do not address this argument. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issues need be addressed).

statute and its application to a set of facts are questions of law that we review independently. *Id.* Our role is to give effect to the plain meaning of the words in the statute. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. Accordingly, when interpreting a statute, we begin with the plain language of the statute. *Id.*, ¶ 44. If the language is plain and unambiguous, we apply it as written without further inquiry. *Id.*

## DISCUSSION

■

¶ 5. WISCONSIN STAT. § 767.51(3)(e) authorizes the circuit court to order a "father to pay or contribute to the reasonable expenses of the mother's pregnancy and the child's birth, based on the father's ability to pay or contribute to those expenses." By the plain language of the statute, the court's ability to order payment is contingent on "the father's ability to pay." WIS. STAT. § 767.51(3)(e). Accordingly, because it is undisputed that Thorson had no ability to pay at the time of the hearing, the court had no authority to set his obligation to pay lying-in expenses.[4]

¶ 6. The County argues that setting an obligation for payment is not the same as an order to pay.

---

[4] The County contends that the court's order was supported by the facts, since Thorson has a gross monthly income of $2,027.88 and has no physical, mental or emotional limitation on his earning ability. However, the County conceded in the circuit court that Thorson had no current ability to pay. The County cannot now be heard to argue that Thorson is able to pay, based on his income and lack of inhibitors to his earning ability. *See State v. Michels*, 141 Wis. 2d 81, 98, 414 N.W.2d 311 (Ct. App. 1987) (judicial estoppel bars litigant from argument directly contradictory to circuit court argument).

However, the circuit court's authority is limited to that provided by the statutes. *Charles R.P.*, 223 Wis. 2d at 771. The County provides no statutory authority, and we can find none, for a court to obligate a father to pay lying-in expenses when he has no current ability to pay.

¶ 7. The County also argues that if courts lack the authority to impose an obligation for payment, even if the father has no ability to pay, it would "virtually eliminate collection of lying-in expense from a father." However, a county cannot collect the expense until a father has the ability to pay. Therefore, an order setting the obligation amount with payment held in abeyance does nothing to aid the County in collecting the expenses. When and if a father has the ability to pay, the court may order him to pay or contribute to the lying-in expenses. If the father's ability to pay changes, the order may be modified. WIS. STAT. §§ 767.51(6) and 767.32.

*By the Court.*—Order reversed.