Associated Bank North, Plaintiff,
v.
Glenn Busche d/b/a Bee-Line Auto Parts & Service, Defendant-Third-Party Plaintiff-Appellant,
v.
Heritage Bank Formerly Spencer State Bank, Third-Party Defendant-Respondent.
No. 04-1322.
Court of Appeals of Wisconsin.
Opinion Filed: March 17, 2005.
Before Deininger, P.J., Dykman and Higginbotham, JJ.
¶1 HIGGINBOTHAM, J.
Glenn Busche, d/b/a Bee-Line Auto Parts & Service, appeals a summary judgment order in favor of Heritage Bank, formerly Spencer Bank. Busche claims the circuit court erred by concluding Heritage's holder in due course affirmative defense applied to the undisputed facts of this case; Busche argues the holder in due course defense is not available to Heritage in his causes of action against the bank. We agree and reverse the circuit court's summary judgment order.

FACTS
¶2 This action was originally filed by Associated Bank against Busche, primarily seeking replevin of a truck scale. Busche in turn filed a third-party complaint against Heritage alleging negligent misrepresentation and unjust enrichment. The following facts led to these causes of action.
¶3 Busche owns and operates a small auto parts, recycling and scrap metal business named Bee-Line Auto Parts & Service. Christopher Burt, not a party to this action, owned an interest in a number of different limited liability companies (LLCs). Associated Bank held a mortgage on real estate owned by one of Burt's LLCs. Heritage holds a mortgage on other real estate owned by another of Burt's LLCs and has a security interest in certain machinery and equipment owned by one of Burt's corporations.
¶4 In December 2001, Busche bought a heavy-duty Mettler Toledo truck scale from Burt's corporation for $15,000. Burt advised Busche Heritage held a security interest in this scale. Both Burt and Heritage believed the scale was included among personal property pledged to secure Burt's loan from Heritage. Busche, in an attempt to ensure he was acquiring the scale free and clear of liens, contacted Heritage's president, Randy Malueg, to determine the existence of any other liens on the scale. Busche testified at his deposition Malueg informed him there were no other liens on the scale; Malueg denies he made this representation.
¶5 After Busche's discussion with Malueg about the existence of other liens, Busche had two checks delivered to Burt's corporation, one for $14,000 and one for $1,000. Burt endorsed the $14,000 check over to Heritage. Heritage provided Burt with a written release of its lien on the scale to be given to Busche. Burt and Busche then entered into a written agreement whereby the scale remained on Burt's real estate to be used for the benefit of both businesses.
¶6 In 2001, Associated Bank began a foreclosure on the real estate where the scale was kept. In summer 2002, Busche made arrangements to have the scale removed shortly before the sheriff's sale. When Associated Bank became aware of Busche's intent to remove the scale, it claimed the scale was a fixture on the real estate and not personal property. This dispute was not resolved and Busche removed the scale before the sheriff's sale. Heritage was not involved in the dispute over the scale between Busche and Associated Bank.
¶7 Associated Bank filed this replevin action against Busche seeking return of the scale. Associated Bank moved for summary judgment, seeking a declaration that the scale was a real estate fixture and not personal property. The circuit court agreed with Associated Bank and granted partial summary judgment, declaring the scale to be a fixture of the real estate. In May 2003, Busche filed a third-party complaint against Heritage, alleging Heritage negligently misrepresented a fact to Busche that induced him to pay $15,000 for the scale and Heritage had been unjustly enriched by receiving $14,000 of the $15,000; Busche sought recovery of the $14,000. Heritage's amended answer raised a "holder in due course" affirmative defense.
¶8 The circuit court denied Heritage's motion for summary judgment but on reconsideration reversed itself and granted summary judgment to Heritage. Busche appeals the summary judgment dismissing his claims against Heritage.

DISCUSSION
¶9 We review summary judgments independently, employing the same methodology as the circuit court. Mid Wisconsin Bank v. Forsgard Trading, Inc., 2003 WI App 186, ¶8, 266 Wis. 2d 685, 668 N.W.2d 830. We will affirm the circuit court's order granting summary judgment only if the record demonstrates there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id.; also WIS. STAT. § 802.08(2) (2001-02).[1] We conclude Heritage is not entitled to judgment as a matter of law.
¶10 The material facts necessary to resolve the specific issue before us are not in dispute. Busche alleged in his third-party complaint that Heritage Bank negligently misrepresented "to Busche that [Heritage] had the only security interest on the scale and that [Heritage] would release its interest in the scale upon receipt of $14,000." Busche also alleged Heritage was unjustly enriched because of the misrepresentation. Heritage's defense to Busche's allegations is that it is a holder in due course of the $14,000 check Busche gave to Burt in partial payment for the scale.
¶11 Busche first argues "[t]he holder-in-due-course doctrine does not bar all causes of action against a bank when such causes are based upon alleged tortious conduct by the bank or when the result of dismissal would be entirely inequitable." In the alternative, Busche argues "[e]ven if holder-in-due-course were applicable to this case summary judgment was inappropriate because material issues of fact existed as to whether Heritage's direct dealings with Busche constitute a violation of the good faith requirement of the holder-in-due-course doctrine." We conclude, based on the undisputed facts of record, the holder in due course affirmative defense is not available to Heritage on Busche's claims of negligent misrepresentation and unjust enrichment.[2]
¶12 WISCONSIN. STAT. § 403.305(2) provides the "right of a holder in due course to enforce the obligation of a party to pay the instrument" is not subject to certain defenses. WISCONSIN STAT. § 403.302 "sets forth how holder in due course status is achieved and the results which flow from that status." United Catholic Parish Sch. of Beaver Dam Educ. Ass'n v. Card Servs. Ctr., 2001 WI App 229, ¶9, 248 Wis. 2d 463, 636 N.W.2d 206. "In order to encourage the use of negotiable instruments in commercial transactions, a holder in due course is insulated from nearly all claims of any party." Id. WISCONSIN STAT. § 403.302 establishes strict criteria for determining whether one is a holder in due course. A holder in due course is a holder who takes an instrument for value, in good faith and without notice that the instrument is overdue or has been dishonored or of any defense against or claim to it on the part of any person. WIS. STAT. § 403.302(1); also United Catholic Parish Sch., 248 Wis. 2d 463, ¶11.
¶13 We conclude the holder in due course doctrine is not available to Heritage in this case because Busche's claims have nothing to do with the enforcement of a negotiable instrument. Busche's complaint against Heritage does not challenge the issuance or seek to avoid enforcement of a negotiable instrument. Busche alleges negligent misrepresentation on the part of Heritage and the resulting gain by Heritage at Busche's expense. What is at issue is the representation made by Malueg that the scale was not subject to other liens. Busche claims he relied on this representation in deciding to complete the transaction with Burt for the truck scale. Busche's claims do not pertain to any defect relating to the instrument.
¶14 Heritage asserts, by virtue of WIS. STAT. § 401.103, the holder in due course doctrine under WIS. STAT. § 403.305(2) displaces common law principles of law and equity, including the misrepresentation claims alleged here by Busche. Heritage's argument is conclusory and undeveloped. We may decline to review an issue inadequately developed. See State v. Pettit, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). We do so here.

CONCLUSION
¶15 We conclude the circuit court erred by granting Heritage's summary judgment motion. Heritage is not a holder in due course because the claims alleged by Busche relate to alleged misrepresentations made by Malueg and do not relate to any defect arising from the instrument. We therefore reverse and remand for further proceedings consistent with this opinion.
By the Court.  Order reversed and cause remanded with directions.
NOTES
[1] All references to the Wisconsin Statutes are to the 2001-02 version unless otherwise noted.
[2] Because we agree with Busche's first contention, that the holder in due course defense is not applicable under the current set of circumstances, we need not address his second contention, as cases should be decided on the narrowest grounds possible. State v. Blalock, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989). If a decision on one point disposes of the appeal, we will not decide the other issues raised. Gross v. Hoffman, 227 Wis. 296, 300, 277 N.W. 663 (1938).