763 N.W.2d 215 (2008)
2008 WI App 188
Barbara HADRIAN, Plaintiff-Appellant-Cross-Respondent,
Foley & Lardner, Involuntary-Plaintiff,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Christopher L. Kuennen, Defendants-Respondents-Cross-Appellants.
No. 2008AP527.
Court of Appeals of Wisconsin.
Submitted on Briefs November 11, 2008.
Opinion Filed November 25, 2008.
*216 On behalf of the plaintiff-appellant-cross respondent the cause was submitted on the briefs of Robert A. Levine of Law Offices of Robert A. Levine, Milwaukee.
On behalf of the defendants-respondents-cross appellants, the cause was submitted on the briefs of Michael R. Vescio of Smithamundsen LLC, Milwaukee.
Before CURLEY, P.J., FINE and BRENNAN, JJ.
¶ 1 FINE, J.
Barbara Hadrian appeals from part of the judgment entered in her favor that denied her request for pre-judgment interest and double costs under the offer-of-settlement provision, WIS. STAT. RULE 807.01. State Farm Mutual Automobile Insurance Company and Christopher L. Kuennen cross-appeal, contending that the circuit court should not have included in the judgment that part of Hadrian's damages that were payable to Foley & Lardner by virtue of its payments to Hadrian, its employee, under its self-funded health and disability Employee Retirement Income Security Act plan. We affirm on the appeal, and this makes the cross-appeal moot.

I.
¶ 2 Hadrian started this action to recover damages she asserted she sustained in an automobile accident caused by Kuennen. Her summons and complaint named Foley & Lardner as an "Involuntary Plaintiff," and alleged that it had provided benefits to Hadrian under its "self-funded health insurance for its employees." It further alleged that "Foley & Lardner [ ] paid a portion of the medical bills incurred by" Hadrian, and that, accordingly, Foley & Lardner was "entitled to reimbursement and/or subrogation under the laws of the State of Wisconsin." State Farm was named as Kuennen's insurer.
¶ 3 Foley & Lardner filed its own complaint against Kuennen and State Farm, and a cross-claim against Hadrian. It alleged that it paid benefits for Hadrian *217 under its self-funded Employee Retirement Income Security Act plan, and that it was, therefore, entitled to full reimbursement from Kuennen and State Farm, and, if necessary, reimbursement from Hadrian. Specifically, it asserted that any settlement between Hadrian and the defendants would "only extinguish the claim owned by such plaintiff," and not Foley & Lardner's separate cause of action against the defendants.
¶ 4 On May 19, 2006, Hadrian served on Kuennen and State Farm an offer to settle. Bearing the same caption as did the summons and complaint, the offer said in its entirety: "Pursuant to Section 807.01(3) of the Wisconsin Statutes, the Plaintiff hereby offers to settle the above entitled action for the sum of $350,000.00 including costs and disbursements." Under RULE 807.01(3), the defendants had ten days within which to accept the offer. They never did.
¶ 5 Hadrian's action against the defendants was tried to the court, and, other than filing its witness list, Foley & Lardner did not participate in the trial. The trial court determined that Hadrian suffered $381,975.10 in compensatory damages, and was entitled to an additional $12,000 in punitive damages. It entered judgment for those amounts plus costs and allowable interest, for a total of $413,743.77. The judgment further provided that Hadrian "shall be responsible for any and all subrogation liens including the lien of Involuntary [ ] Plaintiff, Foley & Lardner." The trial court also found that "Foley & Lardner through a self-funded health plan, paid $62,152.63" to Hadrian "for medical and healthcare expenses" as a result of the accident. In response to Hadrian's request for extra costs under WIS. STAT. RULE 807.01(3) and (4), the circuit court held that the offer of settlement was insufficient because it did not on its face encompass Foley & Lardner's subrogation lien and, therefore, the defendants could not ascertain from the document whether the $350,000 included or excluded the monies owed to Foley & Lardner.[1]

II.
¶ 6 The issue on this appeal turns on whether Hadrian's offer of settlement was sufficient under WIS. STAT. RULE 807.01(3). This presents a matter of law that we review de novo. See Ritt v. Dental Care Assoc., S.C., 199 Wis.2d 48, 75, 543 N.W.2d 852, 862 (Ct.App.1995).
¶ 7 WISCONSIN STAT. RULE 807.01(3) provides:
After issue is joined but at least 20 days before trial, the plaintiff may serve upon the defendant a written offer of settlement for the sum, or property, or to the effect therein specified, with costs. If the defendant accepts the offer and serves notice thereof in writing, before trial and within 10 days after receipt of the offer, the defendant may file the offer, with proof of service of the notice of acceptance, with the clerk of court. If notice of acceptance is not given, the offer cannot be given as evidence nor mentioned on the trial. If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, *218 the plaintiff shall recover double the amount of the taxable costs.
¶ 8 In order to be valid so as to trigger the recovery of special costs and additional interest under WIS. STAT. RULE 807.01(3) and (4), the party to whom the offer of settlement is made must be able "to fully and fairly evaluate the offer from his or her own independent perspective." Ritt, 199 Wis.2d at 75, 543 N.W.2d at 862. This evaluation must be possible either when the offer is made or, at the latest, during the ten-day period within which the parties to whom the offer is made must respond. See id., 199 Wis.2d at 76, 543 N.W.2d at 863. Where, as here, the case involves a subrogated party with a separate claim against the defendants, the plaintiff's offer of settlement must account for that separate claim. Id., 199 Wis.2d at 77, 543 N.W.2d at 863 ("Because each separately owns part of the claim against the tortfeasor, a settlement between the insured and the tortfeasor that does not involve the subrogated insurer as a party, or provide for payment of the subrogated interest, leaves unsatisfied the part of the claim owned by the subrogated party.") (medical-assistance lien by county; county named in the complaint as a subrogated defendant but was dismissed before trial, id., 199 Wis.2d at 56 n. 1, 543 N.W.2d at 855 n. 1). This is not a mere "technicality," to use Hadrian's word; as we show below, it is an essential component to the efficient and fair application of the offer-of-settlement procedure.
¶ 9 As we have seen, Foley & Lardner had a separate claim against the defendants, and because it was for payments it made from its self-funded plan under the Employee Retirement Income Security Act, Wisconsin's "made-whole" rule, see Newport News Shipbuilding Co. v. T.H.E. Ins. Co., 187 Wis.2d 364, 368, 523 N.W.2d 270, 271 (Ct.App.1994) ("Under Wisconsin law, an insurance company that pays medical benefits to an insured for injuries resulting from another's negligence may not recover those payments unless the insured has been made whole."), did not apply, see id., 187 Wis.2d at 371-372, 523 N.W.2d at 272-273; see also Palmerton v. Associates' Health & Welfare Plan, 2003 WI App 41, ¶ 12, 260 Wis.2d 179, 188, 659 N.W.2d 183, 188. Thus, as the circuit court recognized, when faced with the one-sentence offer of settlement that did not mention the claim of Foley & Lardner to which the defendants were subject, the defendants had no way of assessing whether: (1) the offer of settlement encompassed Foley & Lardner's subrogated claim (thus making it an offer of settlement that included what Foley & Lardner had paid), or (2) the offer of settlement excluded Foley & Lardner's subrogated claim (thus making it an offer of settlement that did not take into account what Foley & Lardner had paid).[2] If the former, the offer was in reality for $350,000 minus Foley & Lardner's lien, because that is all Hadrian would be able to keep. If the latter, the offer was in reality for $350,000 plus Foley & Lardner's lien, because if Hadrian was able to keep the entire $350,000, Foley & Lardner would have a claim against the defendants. Under these circumstances, the circuit court correctly ruled that the offer of settlement was not enforceable.
¶ 10 In light of our conclusion that Hadrian's offer of settlement was not enforceable, we need not consider the defendants' alternative contention that after accounting for what Foley & Lardner paid to Hadrian, Hadrian's actual recovery was *219 below the offer-of-settlement trigger of $350,000. See Gross v. Hoffman, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issue need be addressed); State v. Blalock, 150 Wis.2d 688, 703, 442 N.W.2d 514, 520 (Ct.App.1989) (cases should be decided on the "narrowest possible ground"). The cross-appeal is therefore moot.[3]
Judgment affirmed; cross-appeal dismissed as moot.
NOTES
[1] WISCONSIN STAT. RULE 807.01(4) provides:

If there is an offer of settlement by a party under this section which is not accepted and the party recovers a judgment which is greater than or equal to the amount specified in the offer of settlement, the party is entitled to interest at the annual rate of 12% on the amount recovered from the date of the offer of settlement until the amount is paid. Interest under this section is in lieu of interest computed under ss. 814.04(4) and 815.05(8).
[2] What Foley & Lardner had paid to Hadrian under its self-funded Employee Retirement Income Security Act plan could have been easily ascertained through discovery if Hadrian did not already know it when she submitted her offer of settlement.
[3] In their main brief in support of their cross-appeal, Kuennen and State Farm assert that "[t]he sole reason for this cross-appeal is to seek reversal of the judgment insofar as it superficially seems to reflect a judgment in favor of Ms. Hadrian for more than $350,000."