**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**June 22, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing.  If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.  *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP2162-CR**

**STATE OF WISCONSIN**

Cir. Ct. No.  **2018CF373**

**IN COURT OF APPEALS**
**DISTRICT III**

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JEDADIAH JORDAN DOYLE,

   DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Brown County: WILLIAM M. ATKINSON, Judge.  *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Jedadiah Doyle appeals a judgment, entered upon a jury's verdicts, convicting him of repeated sexual assault of the same child, with at

least three violations constituting first-degree sexual assault, and obstructing an officer, contrary to WIS. STAT. §§ 948.025(1)(b) and 946.41(1) (2019-20),[1] respectively. Doyle argues that the circuit court erred by denying his request for an in camera review of the victim's Child Protective Services ("CPS") records and that the failure to do so prevented him from presenting a complete defense. For the reasons discussed below, we affirm.

## BACKGROUND

¶2 The State charged Doyle with repeated sexual assault of the same child and obstructing an officer. The charges arose from allegations that Doyle sexually assaulted Holly[2] multiple times in 2016 and 2017 when she was around ten years old. The State further alleged that Doyle resisted arrest. Doyle filed a pretrial motion for in camera review of two sets of records, pursuant to *State v. Shiffra*, 175 Wis. 2d 600, 499 N.W.2d 719 (Ct. App. 1993), and *State v. Green*, 2002 WI 68, 253 Wis. 2d 356, 646 N.W.2d 298 (collectively, "*Shiffra-Green*"). Specifically, Doyle sought review of "all psychiatric or psychological records of the victim including but not limited to all counseling records and psychological/psychiatric evaluations which have been conducted on her, as well as all CPS reports from Brown and Marinette Counties Health and Human Services[.]"

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4), we refer to the victim by a pseudonym.

2

¶3 To support his requests, Doyle submitted an affidavit from his wife, Catherine Doyle, who averred that she provided respite care for, and administered medication to, Holly for three months; that she witnessed Holly being "untruthful about facts that occurred in the past"; that due to Holly's age, she "is easily influenced by her mother … to say false statements"; that Holly "was in counseling and has a diagnos[i]s of Schizophrenia"; that Holly's mother "has made prior false allegations of sexual and or physical abuse about her children in the past"; that "Brown County and Marinette County Health and Human Services have had multiple contacts with the family due to similar allegations and issues with the children"; and that the information contained in the medical records and CPS reports was "vital" to Doyle's defense. After a motion hearing, the circuit court granted Doyle's request for in camera review of Holly's mental health records, and some of those records were ultimately released to the defense. The court, however, summarily denied Doyle's request for CPS records.

¶4 At trial, the State introduced a forensic interview in which Holly relayed that Doyle sexually assaulted her multiple times while staying with her family in 2016 and 2017. Holly also testified at trial that most of the assaults occurred late at night in her brother's bedroom while her brother was out of the room. Holly further testified that "white gooey stuff" would come out of Doyle's penis after he touched her. A sheriff's office evidence technician testified that she located two small stains in the area of the room where Holly said the assaults occurred. DNA testing on biological material recovered from swabbing the stains revealed that the material was Doyle's semen. Doyle testified that his semen was found on the floor because he masturbated in that room while alone in the house. Doyle's defense was that Holly was mentally unstable and fabricated the allegations.

¶5      During its deliberations, the jury twice informed the circuit court that it could not reach a unanimous verdict, but it ultimately found Doyle guilty of the crimes charged. The court imposed concurrent sentences resulting in an aggregate forty-year term, consisting of thirty years' initial confinement and ten years' extended supervision. This appeal follows.

## DISCUSSION

¶6      On appeal, Doyle argues that the circuit court erred by denying his request for an in camera review of the requested CPS records, thus preventing him from presenting a complete defense. A defendant may establish a constitutional right to an in camera review of a victim's privileged private therapy records[3] by making a preliminary showing that the records are material to the defense. *See Shiffra*, 175 Wis. 2d at 608. To establish that right, there are standards designed to balance the competing interests of a defendant's right to a "meaningful opportunity to present a complete defense," with the State's "interest in protecting a patient's privileged records from being disclosed." *State v. Robertson*, 2003 WI App 84, ¶12, 263 Wis. 2d 349, 661 N.W.2d 105.

¶7      In *Green*, our supreme court clarified that

> the preliminary showing for an in camera review requires a defendant to set forth, in good faith, a specific factual basis demonstrating a reasonable likelihood that the records contain relevant information necessary to a determination

---

[3] As noted by the State, it is not clear that *Shiffra-Green* applies to the CPS records sought in this case. The State suggests that the CPS records may be confidential pursuant to WIS. STAT. § 48.78 (governing confidentiality of records for State child welfare agencies), and thus subject to the standard for obtaining an in camera review as set forth in *Courtney F. v. Ramiro M.C.*, 2004 WI App 36, ¶31, 269 Wis. 2d 709, 676 N.W,2d 545. Regardless which standard applies, we affirm the circuit court's order for the reasons discussed herein.

4

> of guilt or innocence and is not merely cumulative to other evidence available to the defendant.

*Green*, 253 Wis. 2d 356, ¶34.  Information is necessary to a determination of guilt or innocence "if it tends to create a reasonable doubt that might not otherwise exist." *Id.* (citation omitted).  This test essentially requires the court to look at the existing evidence in light of the request and to determine whether the records will likely contain evidence that is independently probative to the defense.  *Id.*  A defendant must make a "sufficient evidentiary showing that is not based on mere speculation or conjecture as to what information is in the records."  *Id.*, ¶33.  Whether a defendant made the preliminary evidentiary showing necessary for an in camera review of a victim's privileged records is a question of law that we review independently.  *Robertson*, 263 Wis. 2d 349, ¶24.

¶8      Here, Doyle's request for the CPS records was simply too vague to entitle him to an in camera review.  The motion itself sought an in camera review of "all CPS reports from Brown and Marinette Counties Health and Human Services[.]"  In the context of Doyle's request, it appears he sought review of those CPS records specific to Holly.  However, the supporting affidavit submitted by Doyle's wife, Catherine, averred that Holly's mother "made prior false allegations of sexual and or physical abuse about her children in the past."  Catherine made no specific reference to Holly.  Catherine also referenced the counties' "multiple contacts with the family due to similar allegations and issues with *the children*." (Emphasis added.)

¶9      As the State correctly notes, the affidavit contained no explanation of when those allegations occurred, who was accused, what sort of abuse was alleged, which children were involved, or to whom Holly's mother reported the abuse.  There is likewise no explanation of the basis for Catherine's belief that

information of past accusations would be found in the records, that any past accusations were actually false, or how any previous allegations were similar, and thus relevant, to the present charges. Doyle also failed to outline any efforts he made to obtain the purported information elsewhere, such as through family members that were allegedly accused.

¶10 At the motion hearing, Doyle offered little clarification, asserting only that Doyle and Catherine indicated "there [have] been CPS reviews of" previous allegations of sexual assault that were unsubstantiated. When the circuit court asked whether defense counsel was saying there were allegations of sexual assault made by Holly against people other than Doyle, counsel responded: "The mother has made allegations about her children being assaulted by other family members in my client's family." When asked again whether the allegations involved Holly, counsel acknowledged: "Well, the child hasn't specifically come forward, the mother comes forward but it's referencing the children." Ultimately, neither Catherine nor defense counsel could connect any prior abuse allegation to the victim here.

¶11 To the extent Doyle argues that Catherine's averments regarding prior false allegations were based on firsthand knowledge, her affidavit was unclear in this regard. Although Catherine claimed "personal knowledge" that Holly was in counseling and had a diagnosis of schizophrenia, she did not similarly preface her claims regarding prior false allegations. Therefore, it was not necessarily clear that those specific claims were based on firsthand knowledge. The circuit court could reasonably determine that Catherine's averments about prior false allegations made by Holly's mother were based upon mere speculation and conjecture, and were insufficiently fact specific.

¶12 In light of the lack of specificity in Doyle's offer of proof, he failed to satisfy the preliminary evidentiary showing necessary for an in camera review of the CPS records.[4] Therefore, the circuit court properly denied his request.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[4] Because our conclusion that Doyle failed to satisfy the preliminary evidentiary showing is dispositive, we need not address his claims of prejudice. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663 (1938) (if a decision on one point disposes of the appeal, we need not address the other issues raised); *see also State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) ("[C]ases should be decided on the narrowest possible ground.").