COURT OF APPEALS
DECISION
DATED AND FILED

February 17, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP487-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. **2017CF2198**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

RICHARD L. WASLEY,

    DEFENDANT-APPELLANT.

        APPEAL from an order of the circuit court for Dane County: CHRIS TAYLOR, Judge. *Affirmed*.

        Before Kloppenburg, Fitzpatrick, and Nashold, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Richard Wasley appeals a circuit court order revoking his conditional release from the custody of the Department of Health Services (the department). Wasley argues that the State failed to meet its burden of proving by clear and convincing evidence that a rule or condition of release was violated, or that the safety of Wasley or others required that conditional release be revoked. WIS. STAT. § 971.17(3)(e) (2019-20).[1] For the reasons discussed below, we affirm the order of the circuit court.

¶2 Wasley was committed to the department's custody after he was found not guilty by reason of mental disease or mental defect (NGI) based on charges of criminal conduct that occurred in 2017. Among other crimes, the State charged Wasley with first-degree recklessly endangering safety, as a repeater, for allegations that Wasley approached a university student on State Street in Madison and lunged at the student's shoulder, near his neck, with a knife.

¶3 Relevant to this appeal, Wasley petitioned for conditional release from the department's custody, and his petition was granted on July 13, 2020. Shortly thereafter, the State filed a petition for revocation of Wasley's conditional release. Following a hearing held on September 29, 2020, the circuit court entered an order revoking Wasley's conditional release. Wasley appealed.

¶4 Under WIS. STAT. § 971.17(3)(e), a court may revoke a person's conditional release if the State shows by clear and convincing evidence that a rule of conditional release has been violated, or that the safety of the person or others requires that conditional release be revoked. "[W]e view the finding that the

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

safety of others requires revocation as a mixed question of fact and law." ***State v. Burris***, 2004 WI 91, ¶71, 273 Wis. 2d 294, 682 N.W.2d 812. The circuit court's factual findings based on its evaluation of the evidence presented at the revocation hearing are upheld unless clearly erroneous. ***Id.*** Whether those facts prove by clear and convincing evidence that the safety of others requires revocation is a question of law. ***Id.*** "Normally, an appellate court reviewing determinations of law does so without deference to the circuit court." ***Id.*** However, because the circuit court's factual findings regarding the safety of others "are so closely intertwined" with the court's legal determination that the safety of others requires revocation, "a reviewing court 'should give weight to the trial court's decision, although the trial court's decision is not controlling.'" ***Id.*** (quoting ***Wassenaar v. Panos***, 111 Wis. 2d 518, 525, 331 N.W.2d 357 (1983)).

¶5 On appeal, Wasley challenges hearing evidence adduced by the State regarding three incidents that took place at Mendota Mental Health Institute (MMHI) on July 11, 2020, July 30, 2020, and September 11, 2020. As to the incidents that took place on July 30 and September 11, Wasley argues that the circuit court erred in relying on expert testimony as a conduit for inadmissible hearsay regarding the facts of what occurred on those dates. We need not consider the incidents that occurred on July 30 and September 11, 2020, nor whether evidence of those incidents was admissible, because we affirm the circuit court on the basis that the evidence of the incident that occurred on July 11, 2020, was sufficient to revoke Wasley's conditional release. *See* ***Gross v. Hoffman***, 227 Wis. 296, 300, 277 N.W. 663 (1938) (only dispositive issue need be addressed).

¶6 Evidence of the incident that occurred on July 11, 2020 was elicited through the hearing testimony of Dr. Victor Witkovsky, who treated Wasley at MMHI. Wasley concedes in the appellant's brief that the State was permitted to

3

introduce Wasley's statements to Witkovsky concerning the July 11 incident as an admission by a party opponent under WIS. STAT. § 908.01(4)(b). Wasley asserts that, even though the circuit court could properly consider the reported conversation between Wasley and Witkovsky as evidence of the July 11 incident, that evidence alone was not sufficient to meet the State's burden of proof by clear and convincing evidence. We disagree.

¶7    Witkovsky testified that he spoke with Wasley in mid-July of 2020 after hearing reports from nursing staff that Wasley had been demonstrating some distress at nighttime and had been dancing around and making loud noises in his room. Witkovsky met with Wasley, who said that he was experiencing some thoughts about being physically aggressive toward other people. Witkovsky testified that Wasley "said something about cutting open their jugular vein and just watching them die—to bleed to death." Witkovsky asked whether Wasley had anyone in particular in mind, and Wasley said that he did not, but found the image and those thoughts somewhat gratifying. When Witkovsky questioned Wasley further about cutting veins and jugulars, Wasley said that was what he had done and what got him into MMHI. Witkovsky testified that "in some ways, it felt like he—saying he wanted to repeat that."

¶8    Witkovsky informed other staff members about what Wasley had said on July 11, 2020, and also discussed with staff the fact that Wasley was in a position to be released soon to a receiving agency in the community. Witkovsky testified, "I had spoken with the social worker staff to see if the receiving agency would probably want to know about this because placement could be made difficult by somebody who wants to dance around in the middle of the night and talk about cutting people's jugulars." Witkovsky acknowledged in his testimony that this "kind of behavior might jeopardize a placement."

¶9    In rendering its decision to revoke Wasley's conditional release, the circuit court found that the State had proven, by clear and convincing evidence, that the safety of Wasley or others required revocation. Under the standard of review articulated in **Burris**, 273 Wis. 2d 294, ¶71, we give weight to the circuit court's determination. The circuit court specifically referenced Wasley's statement to Witkovsky about "ruminating on cutting open people's jugulars and watching them bleed to death" and "[i]n some ways … saying he wanted to repeat the crime." The court's comments regarding the July 11, 2020 incident and the statements Wasley made to Witkovsky about it show that the court relied heavily on the evidence regarding that incident. The court stated that "on that basis alone" there was enough to indicate how problematic Wasley's behavior and response were, and went on to revoke his conditional release.

¶10    We are satisfied, in light of the evidence discussed above and the deferential standard of review under **Burris**, that the evidence of the July 11, 2020 incident was both admissible and sufficient to establish, by clear and convincing evidence, that the safety of Wasley or others required revocation of his conditional release.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.