WACHOVIA MORTGAGE FSB p/k/a World Savings
Bank, Plaintiff-Respondent,

v.

Nora DALLAS, Defendant-Appellant,

Fredie Carl ROGERS, WE Energies f/k/a Wisconsin
Electric & Power Co. and State of Wisconsin
Department of Revenue, Defendants.

Court of Appeals

*No. 2010AP1359. Submitted on briefs February 25, 2011.
—Decided March 15, 2011.*

2011 WI App 54

(Also reported in 797 N.W.2d 930.)

426

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Jonathan A. Gruhl* of *Gruhl Law Firm, LLC*, Glendale.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Aaron J. Bernstein* of *Law Offices of Jonathan V. Goodman*, Milwaukee.

Before Curley, P.J., Fine and Brennan, JJ.

¶ 1. FINE, J.   Nora Dallas appeals a judgment of foreclosure entered against her in connection with property she owned with her brother Fredie Carl Rogers. The judgment provided that Dallas:  "shall have absolutely no personal judgment against her as a result of this foreclosure case." Dallas also appeals the circuit court's order denying her motion for reconsideration. The circuit court decided this case on summary judgment, and there are no disputed facts. We affirm.

**I.**

¶ 2.   According to Dallas's affidavit on summary judgment, her mother "quit-claimed" to Dallas and Rogers a house their mother owned. In 2003, Rogers and Dallas got a mortgage loan from Fair Finance Corporation so Rogers could buy a different house. As security for the loan, Dallas and Rogers executed a mortgage to Fair Finance on the house they got from their mother. Dallas admits that she signed both the mortgage and the mortgage note, and those documents bearing her signature are in the Record.

¶ 3.   Wachovia Mortgage, FSB, was formerly known as World Savings Bank, FSB. In 2004, World Savings Bank loaned money to Rogers. The loan was secured by a mortgage to World Savings Bank on the property Rogers owned with Dallas that was subject to the Fair Finance mortgage. Proceeds from the World Savings Bank loan paid off the Fair Finance loan and satisfied the Fair Finance mortgage. Rogers signed the mortgage and the mortgage note; Dallas signed neither.

¶ 4.   Rogers defaulted on the World Savings Bank loan, and Wachovia brought this action to foreclose on Dallas's interest in the property that had been mort-

428

gaged to Fair Finance. Wachovia did not seek a deficiency judgment against Dallas. As we have seen, the circuit court granted summary judgment to Wachovia, and entered a judgment of foreclosure. Dallas contends this was error because she did not sign either the World Savings Bank mortgage note or the World Savings Bank mortgage.

## II.

¶ 5.    A party is entitled to summary judgment if "there is no genuine issue as to any material fact" and that party "is entitled to a judgment as a matter of law." Wis. Stat. Rule 802.08(2). We review *de novo* a circuit court's ruling on summary judgment, and apply the governing standards, "just as the trial court applied those standards." *Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315–317, 401 N.W.2d 816, 820–821 (1987). As noted, there are no disputed material facts here. Rather, we face a question of law:   whether Wachovia is entitled to foreclose on Dallas's interest in the house because the encumbrance on that interest was discharged by the World Savings Bank loan. On our *de novo* review, we agree with the circuit court that, based on the doctrine of equitable subrogation, it may.

¶ 6.    "Subrogation is an equitable doctrine invoked to avoid unjust enrichment, and may properly be applied whenever a person other than a mere volunteer pays a debt which in equity and good conscience should be satisfied by another." *Rock River Lumber Corp. v. Universal Mortgage Corp. of Wisconsin,* 82 Wis. 2d 235, 240–241, 262 N.W.2d 114, 116 (1978). Thus, "[e]quitable subrogation is a doctrine whereby one who has paid off

another's mortgage obligation is treated as the owner of that obligation." *Countrywide Home Loans, Inc. v. Schmidt*, 2007 WI App 243, ¶ 1, 306 Wis. 2d 200, 202, 742 N.W.2d 901, 902 (permitting subsequent mortgagee to step into the shoes of an earlier mortgagee to the extent that the subsequent mortgagee satisfied the earlier mortgage). Further, equitable subrogation does not require that there be a contract between the parties. *Rock River Lumber Corp.*, 82 Wis. 2d at 241–242, 262 N.W.2d at 117 ("The object of subrogation is 'to do substantial justice independent of form or contract relation between the parties.' ") (quoted source and ellipses omitted). It is thus immaterial that Dallas signed neither the World Savings Bank mortgage note nor the World Savings Bank mortgage because the loan was used to satisfy the Fair Finance mortgage, which Dallas executed and on which she *was* liable, and because Wachovia, as World Savings's successor, does not seek any deficiency judgment against her.

■

¶ 7.   World Savings Bank paid the debt for which Dallas was liable (the mortgage note she signed in connection with the Fair Finance loan) and for which she gave the mortgage to Fair Finance as security. World Savings Bank's loan thus extinguished the Fair Finance mortgage on Dallas's interest in the property. Had World Savings Bank not satisfied the Fair Finance mortgage, and had Rogers and Dallas defaulted on the Fair Finance debt, Fair Finance would have been able to foreclose on Dallas's interest in the property. Wachovia steps into Fair Finance's shoes, and there is nothing unfair about this result. *See Countrywide Home Loans, Inc.*, 2007 WI App 243, ¶ 14, 306 Wis. 2d at 208, 742 N.W.2d at 905 (The equitable subrogation doctrine [is] one of 'pure, unmixed equity.' ") (quoted source omitted).

Indeed, if Dallas were able to retain her interest in the property she and Rogers mortgaged as security for the Fair Finance loan despite the fact that the Fair Finance mortgage was satisfied by the World Savings Bank loan, she would be unjustly enriched at Wachovia's expense. Significantly, this is not a situation where a financial institution seeks to extract from a person who cosigned only the original debt documents an obligation that is more onerous than that to which the cosigner agreed.[1]

¶ 8.  We affirm the circuit court's judgment of foreclosure and its order denying Dallas's motion for reconsideration. Additionally, there is no reason for us to address the other reasons Wachovia argues in support of the circuit court judgment and order. *See Gross v. Hoffman*, 227 Wis. 296, 300, 277 N.W. 663, 665 (1938) (only dispositive issues need be addressed); *State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514, 520 (Ct. App. 1989) (cases should be decided on the "narrowest possible ground").[2]

*By the Court.*—Judgment and order affirmed.

---

[1] Dallas does not contend that whatever difference in interest rates there were between the Fair Finance loan and the World Savings Bank loan prejudiced her in terms of Rogers's ability to pay the World Savings Bank debt. Further, as we have seen, Dallas is not liable for any deficiency. Accordingly, we do not address those matters or how such considerations might in some other case affect a financial institution's foreclosure action under circumstances similar to what we have here.

[2] Wachovia filed a motion for summary dismissal of Dallas's appeal and frivolous-appeal costs. We deny the motion because the relief the motion seeks is wholly unwarranted.